JOHN W. HARRELL v. JOHN T. PEEBLES and others.

*Practice—Nul Tiel Record—Irregular Judgment.*

1. The plea of *nul tiel record* is tried by the Court upon an inspection of the record itself, and when the record is regularly certified by the proper officer, it cannot be explained by parol, but is conclusive upon this plea.

2. Where, upon a *sci. fa.* to enforce a judgment, the defendant pleads *nul tiel record* and the Court finds the issue in favor of the plaintiff, such finding is not conclusive as to the validity of the judgment denied, but only as to its existence.

3. An irregular judgment may be impeached and set aside on motion within any reasonable time upon parol proof that it was not rendered according to the course of the Court.

4. Where issues of law and fact are joined in term time before a Court and jury, and afterwards, by consent of counsel, the case is withdrawn from the jury, the facts being agreed upon, and the questions of law left open for His Honor's decision during the session of his Court in a neighboring county, a judgment rendered at such last named Court in the absence of counsel and without argument or briefs filed, and not communicated to the defeated party until six months after its rendition, is not irregular, but is conformable to the present practice and to the provisions of the Constitution, Art. IV § 22, and C. C. P. § 315.

5. Where the record in such case states that a jury was duly impannelled and found all issues in favor of the plaintiff, upon which the judgment in question was rendered, any party in interest is entitled to have such record amended and made to speak the truth.

(Austin v. Rodman, 1 Hawks 71 ; Wade v. Odeneal, 3 Dev. 423 ; Keaton v. Banks, 10 Ire. 381 ; Bender v. Askew, 3 Dev. 149 ; Cowles v. Hayes, 69 N. C. 406 ; Clegg v. White S. S. Co., 66 N. C. 391 ; Powell v. Weith, Ib. 423 ; 68 N. C. 342 ; Deloach v. Worke, 3 Hawks 36 ; Henry v. Edmunds, 68 N. C. 243 ; Bryan v. Hubbs, 69 N. C. 423 ; Norwood v. Thorp, 64 N. C. 682, cited and approved.)

MOTION, to set aside and vacate a judgment heard at Spring Term, 1877, of HERTFORD Superior Court, before Eure, J.

This is an appeal from the judgment of the Court below denying a motion of the defendants to vacate and set aside a judgment theretofore obtained against them by the plaintiff.

On the 10th of January, 1871, the plaintiff instituted an action upon a bond dated the 7th of June, 1852, executed by the defendants, Warren and Daughtry, and Gatling, the intestate of the defendant, Peebles, to him the plaintiff and another as guardians of two minors. The administration upon the estate of Gatling was undertaken at June Term, 1857, of the County Court of Northampton county. The

defendants in their answer deny the execution of the bond sued on, and in addition thereto, Peebles as administrator "pleads fully administered," and the statutory bar of two and seven years. The action was tried at the Spring Term, 1872, of Hertford Superior Court, and the record of that Court shows that a jury was duly impanneled upon the issues and rendered a verdict finding all the issues in favor of the plaintiff, and that the judgment in question was thereupon rendered at the same term of the Court.

Upon hearing the motion to vacate the judgment, the following facts were found by the Court:— That on the trial of the original action the plaintiff introduced and proved by one witness the execution of the bond, upon which the counsel of the defendants "remarked that it would be unnecessary to introduce further testimony, that he would admit the execution of the bond, and it was then and there agreed by the counsel for the plaintiff and defendants that the plaintiffs should take a verdict upon the facts, and the counsel should argue the questions of law to the Court." Pending the argument upon the law of the case, it was agreed by the Court and counsel of both sides, that the Court should adjourn, and that the Judge should take the case and decide it at Gates Court, which followed the next week. At Gates Court, the week following, the Judge did sign the judgment now in question at Chambers in the absence of counsel and without further argument or brief. The judgment so signed was delivered to one Parker. to be handed to the plaintiff's counsel, who from inadvertence failed to do so until the next term of Gates Court, six months thereafter. When coming to the hands of the plaintiff the judgment was shown to defendants' counsel, and he was asked if he desired to appeal. The counsel replied that he thought he would appeal, and it was then agreed that he should have three or four weeks in which to make up his mind, and in the *interim* that no execution should

issue. No appeal having been taken, the judgment was docketed in Hertford county on the 17th of December, 1872, and execution was issued the same day. This execution was returned "*nulla bona*," to Spring Term, 1873. A *Sci. Fa.* was then sued out against Peebles, the administrator, returnable to the Fall Term to show cause why execution *de bonis propriis* should not issue against him. At the said Fall Term, which was held on the 3rd Monday in October, 1873, the administrator pleaded *nul tiel record*, which was found against him by the Court and judgment was given against him and execution *de bonis propriis* awarded. His counsel then (being at the same term) made this motion to vacate the original judgment.

The administrator on a settlement with the Court on the 5th and 19th of March, 1860, had in his hands for distribution nine thousand dollars, $2,000 of which he paid to the widow, and the residue he divided into two equal parts, retaining one part himself in right of his wife who was one of the next of kin, and paying over the other half to the guardian of Isaac Gatling the other distributee. These are the material facts as found by the Judge, and upon them he denied the motion to vacate or amend the judgment, and the defendants appealed.

*Mr. J. B. Batchelor*, for plaintiff.
*Mr. R. B. Peebles*, for defendants.

BYNUM, J. (After stating the case as above.) There is no error of which the defendants can complain. It was insisted by the plaintiff that when the Court found the plea of *nul tiel record* against the defendant, Peebles, in the *sci. fa.* upon the original judgment, it was conclusive of the validity of the judgment, and precluded him from thereafter moving to vacate it. This position can not be maintained.

Upon the plea of *nul tiel record* the *fact* is tried by the Court upon *inspection* of the record itself, and when the record is regularly certified by the proper officer it can not be explained by parol testimony, but is conclusive upon this plea. When, however, direct proceedings are instituted for that purpose, a record may be impeached and vacated at any time upon motion in the same Court in which it was rendered, and upon parol proof that the judgment, for instance, was entered irregularly and against the course of the Court. *Austin* v. *Rodman*, 1 Hawks, 71; *Wade v. Odeneal*, 3 Dev. 423; *Keaton* v. *Banks*, 10 Ire. 381; *Bender* v. *Askew*, 3 Dev. 149; *Cowles* v. *Hayes*, 69 N. C. 406. And the facts must be found. *Clegg* v. *White Soap Stone Co.* 66 N. C. 391; *Powell* v. *Weith*, 66 N. C. 423; 68 N. C. 342.

The motion to vacate the judgment was therefore in order, and no length of time is a bar to the application. But the question is, are the facts as found by the Court below sufficient to authorize this Court as matter of law to declare the judgment null and void, and to set it aside, in the first place; or denying this, in the second place, to so amend the record as to make the judgment inefficient to the plaintiff? Although the judgment impeached appears of record as having been given in term time in point of fact, it was not rendered then, but some week or two after the expiration of the term and in another county. This it is insisted is such error as should vacate the judgment.

In *Deloach* v. *Worke*, 3 Hawks, 36, a decision upon the old practice prior to the Code, it was held that where upon the plea of *nul tiel record*, it appeared that no formal judgment had been entered of record, it must be overlooked, as otherwise, owing to the looseness of the practice, the proceedings of Courts for years back would be overturned. Much more does the same reasoning apply since the adoption of the Code, as it has been for years a prevailing practice of the Judges, especially by consent of parties, to reserve

questions of law and give judgment thereon, weeks and months after the expiration of the term of the Court in which the action was tried. We say nothing in commendation of the practice, however convenient it may be to Judges and counsel, but it would be of disastrous consequence if such judgments could be ripped up and vacated at any time, however remote thereafter.

Nor do we think they are irregular and void upon a proper construction of the constitution and laws, and therefore it is not material in this case whether or not the record of the Court be so amended as to show the time and place of the actual rendition of the judgment, and other proceedings had subsequent to the trial Court. The Judge performed no judicial act in the cause subsequent to the trial term which the counsel of both plaintiff and defendants did not agree he should perform, or which he was not competent to perform upon the trial, and the facts found warrant no imputation of fraud or unfairness in the Judge or counsel, in giving or procuring the judgment to be given.

The defendant does not and can not now assail the judgment itself as erroneous, because that can be done only on appeal, which he declined to take. The objection is that it was signed at an improper time and place, though he himself fully assented to it, both before and after the judgment was so given.

The objection so made raises the simple question of power, has the Court no jurisdiction to render such a judgment in vacation by the consent of parties? By the constitution Art. IV, § 22: "The Superior Courts shall be at all times open for the transaction of business within their jurisdiction, except the trial of issues of fact requiring a jury." The issues of fact in our case had been disposed of by a consent verdict, and the Court having jurisdiction of the case, clearly, and being always open, there is nothing in this

clause of the Constitution which forbids the rendition of a judgment upon verdict after the expiration 'of the term, as well as during the term.

In furtherance of this provision of the constitution, C. C. P., § 315, expressly provides in certain cases that the Judge, out of term time, shall hear and determine the questions of law in these civil actions, and that his judgment shall be entered in the judgment docket as in other cases. This section of the Code, has been held to be still in force, and not repealed by the act suspending the Code of Civil Procedure, Bat. Rev. ch. 18. See *Hervey* v. *Edmunds*, 68 N. C., 243. We do not see why the same course of reasoning applied in that case does not equally apply here and support this judgment. If the jurisdiction to give such judgments is confined by the constitution, its exercise may be regulated, but can not be impaired or destroyed by legislation. It is true that the act suspending the Code, § 5, provides, " that issues whether of law or fact shall stand for trial at the next term succeeding the term at which the pleadings are completed," from which it may be inferred that issues of law as well as fact can be tried only in term time ; yet the true construction of this provision is that the parties shall have the right to demand a trial at that time, and not that they may not by consent postpone the trial of issues which do not require the intervention of a jury, and which can be as well or better tried out of than in term.

While, therefore, a judgment upon issues of law reserved by consent, may be rendered out of term time, and when truly entered of record as rendered, must be upheld as a valid judgment, yet this and the like judgments should show by the record, when they were rendered and when they were recorded.

The record here does not speak the truth, for contrary to the fact, the judgment appears to have been given at the trial Court, whereas it was actually not recorded until six

months after. According to the record as it now is, such a judgment constitutes a lien upon the land of the debtor from the term of the Court at which it purports to have been rendered. But if the record is amended according to the truth of the matter, the question would arise whether the judgment, as a lien, relates back to the trial term of the Court, or how it affects intervening judgments rendered at the same term, or docketed from other Courts.

No such question can probably arise in this case, because the judgment was taken against the administrator, Peebles, in his representative character, and he seems to be the only contestant; but the record should always speak the truth so as to place parties in the condition to litigate their rights. *Bryan* v. *Hubbs*, 69 N. C., 423; *Norwood* v. *Thorp*, 64 N. C., 682.

In conclusion, the facts as found upon the pleadings do not show merits in the defendant, or such a case as would entitle him to relief if the judgment was vacated and a new trial awarded. The note had never been paid, and the debt was due. The verdict found the facts for the plaintiff, and the issues of law do not appear to have been decided erroneously.

The record may be amended if desired in the particulars designated, but the amendment will avail the defendant, Peebles, nothing, as it will not affect the validity of the judgment.

No error.

PER CURIAM.                          Judgment affirmed.