M. CATHARINE SHACKELFORD and others v. J. K. MILLER
and others.

*Judgment— Widow—Dower.*

1. While judgments should be signed and entered in term time, yet
where parties consent that the same may be signed by the judge
after the term has expired, and entered as of the term, it is not
irregular. (The transactions in reference to the sale of land in
this case were fair and just.)

2. A widow who elects to take under her husband's will, is not en-
titled to dower. But so much of the land as does not exceed the
quantity to which she would be entitled by right of dower, is ex-
empt from her husband's debts, during her life. THE CODE,
§ 2105. There is nothing in this case entitling the plaintiff to any
equitable relief in respect to her claim of dower.

(*Hervey* v. *Edmunds*, 68 N. C., 243; *Harrell* v. *Peebles*, 79 N. C., 26;
*Molyneux* v. *Huey*, 81 N. C., 106, cited and approved.)

MOTION to set aside a judgment, &c., heard at Spring
Term, 1884, of ONSLOW Superior Court, before *Shepherd, J.*

It is alleged that the defendants Miller and wife, on the
15th of December, 1875, executed a mortgage to C. O. Foy,
to secure a certain debt, and on the 12th of November,
1878, they executed a second mortgage on the same land
to L. W. Humphrey to secure a debt therein named, and
on the 1st of January, 1881, the said Humphrey assigned
the notes so secured to John W. Shackelford, who died in
January, 1883, and the plaintiff qualified as executrix of
his will. She afterward married George Brooks. Foy died
and the defendant West qualified as administrator.

An action was brought by L. W. Humphrey and J. W.
Shackelford against J. K. Miller and wife, to foreclose the
mortgage made to Humphrey, and in this action it was
alleged that Humphrey had assigned the mortgage debt,
due him by Miller, to J. W. Shackelford.

At a subsequent term of the court the death of Shackelford was suggested, and the plaintiff, his widow and executrix, was made a party and filed an amended complaint.

At spring term, 1883, a decree was made adjudging that the defendant West, administrator of C. O. Foy, recover the debt due his intestate ; that the plaintiff recover that due her testator, and that the defendants Miller and others be foreclosed of all equity of redemption in the land. And it was further ordered that A. C. Huggins, as commissioner, advertise and sell the land if the indebtedness was not paid as directed.

At fall term, 1883, the commissioner made report of sale and the same was confirmed, and title directed to be made to L. W. Humphrey (who bid off the land) upon his paying the purchase money—$4,336. This decree was signed by the judge, as of the said term of Onslow superior court, but was in fact signed about two weeks after said term had expired, and at Carteret superior court; and this was done by consent of all the parties or their attorneys.

On January 5, 1884, Humphrey assigned his bid to one Stephens, and directed the commissioner in writing to make title to him. Stephens paid the purchase money on the 10th of the month in cash, except the sum of $2,192.45, which he paid in a note executed by John W. Shackelford to said Humphrey and assigned to Stephens ; and the sum of $162,91, which he paid in a note against Foy. The commissioner made the settlement in this way, under the belief that it was agreeable to all parties concerned, and executed a deed to Stephens conveying the property.

A restraining order to prevent the commissioner from executing the deed was obtained at the instance of the plaintiff executrix, but it was not served until after the deed was delivered. And upon the hearing of the matter, it appeared to the judge that the commissioner had collected the pur-

chase money and had it in hand subject to the order of the court, and thereupon the proceeding was dismissed.

Afterwards, the plaintiff executrix caused notices to be issued to all the parties to the original action, and also upon Stephens and the said commissioner and W. H. Henderson, to show cause why the motion she now makes shall not be granted; that is, to set aside and vacate the judgments and decrees made at the spring and fall terms, 1883, of Onslow superior court. His Honor, having found as a fact that the parties and the attorneys acted in entire good faith in consenting to the signing of the decree at Carteret; that the sale of the land was conducted fairly, and the price reasonable and just; that the whole of the purchase money was paid to the commissioner upon his notifying Stephens that the note on Shackelford was not satisfactory to his executrix, and that the same was in the hands of the commissioner subject to the order of the court, declined to grant the motion.

The plaintiff further moved that she be declared entitled to dower in the lands of which her husband died seized, and the lien in favor of Foy's estate be discharged out of the personal estate of her testator. And upon this matter the court found that said Shackelford left no real estate, except his interest as follows:

That subsequent to the execution of the mortgage by Miller to Humphrey, said Shackelford purchased of said Miller his equity of redemption in the property sold under the decree herein, and obtained a proper conveyance therefor; that afterwards said Humphrey assigned the notes due him by Miller to said Shackelford; that instead of redeeming said land by paying the Foy debt, the said Shackelford and wife became parties to the proceedings under which the land was sold, and that the plaintiff, as executrix, was made a party plaintiff, and that the land was sold according to the prayer of the amended complaint to pay the indebted-

ness secured by mortgage as stated therein, the land not bringing enough to pay the same. The court, being of the opinion that the equity of redemption had been foreclosed by the decrees, and at the instance of the plaintiff, and having declined to set aside said decrees, adjudged that the motion be refused, and the commissioner was directed to pay the purchase money to the executrix or other personal representative of said Shackelford, according to the decree.

The plaintiff further moved that the deed made by the commissioner be declared inoperative and void, and that Stephens be adjudged to have bought the land with notice of her equity, and declared a trustee for her benefit. It was conceded that Humphrey bought the land under an agreement to re-convey to plaintiff upon certain conditions, but there was conflicting testimony as to whether the conditions were duly performed by her, and whether Stephens had notice of said agreement before he purchased of Humphrey.

The court being of the opinion that a motion in the cause was not the proper remedy to convert the said Stephens into a trustee, declined to pass on the above questions of fact, and refused the motion.

Judgment was rendered according to the above rulings, and the plaintiff appealed.

*Mr. S. W. Isler*, for plaintiff.
*Messrs. Faircloth & Allen*, for defendant.

MERRIMON, J. In our judgment, no one of the appellant's exceptions can be sustained.

1. The decree made at the fall term, 1883, of the superior court of Onslow county, confirming the report of the sale of land, was in execution of the decree directing the sale thereof, entered at the spring term of that court of the same year. It does not appear, that either of these decrees was irregular in any material respect. Each respectively pur-

ports upon its face and by the record, to have been regularly entered at the terms mentioned. But it appears, that in fact the judge, who presided at the fall term, with the consent and sanction of all the parties to the action, or their attorneys, including that of the attorneys of the plaintiff, (Mrs. Shackelford, now Mrs. Brooks,) who makes the motion under consideration, indeed, at their instance signed the decree last made, two weeks after the fall term, while on and in the course of his circuit, during the term of the superior court of Carteret county.

It was agreed at the fall term of the former court, that the decree of confirmation should be prepared, and when signed by the judge out of term, be filed and entered as of that term.

It is insisted that the signing of this decree out of term time and during the term of another court, rendered it irregular, if not void, and this is assigned as one ground for the motion to set aside that decree.

Although the practice of signing decrees and judgments out of term-time, and away from the county in whose court the action is pending, is not to be encouraged, because it leads to more or less confusion and complaints, as in this case, and may sometimes be abused, or misunderstood, still it is not unwarranted, in cases where the parties to the action, or their counsel, consent to it. Indeed, sometimes it is necessary and important that such practice shall be indulged. Judgments and decrees thus signed are not thereby rendered irregular, much less void. The date of entering them should, however, always be noted on the record, in order to prevent confusion as to the time when they take effect, and when liens created by them become operative.

This court has repeatedly upheld judgments and decrees thus granted, and it is well settled that such practice is not inconsistent with the constitution and statutes of the state. The constitution provides that, " the superior courts shall

be, at all times, open for the transaction of business within their jurisdiction, except the trial of issues of fact requiring a jury." Art. IV, § 22. There is no statute regulating the course of judicial procedure and practice, or rule of practice that prevents the signing of judgments and decrees and entering them at any time, with the consent of the parties to the action. *Hervy* v. *Edmunds*, 68 N. C., 243; *Harrell* v. *Peebles*, 79 N. C., 26; *Molyneux* v. *Huey*, 81 N. C., 106.

2. If it be granted, that the decrees mentioned can be attacked for fraud, or fraudulent surprise in procuring them, to the prejudice of the plaintiff, by a motion in the action, the court below has found as facts, that there was neither fraud nor surprise on the part of any one; that her counsel in fact, represented no interest adverse to her; that they demeaned themselves as her counsel in entire good faith; that they, together with the other parties to the action whom they did not represent, or their counsel, consented that the decree complained of should be signed by the judge at the term of the court in Carteret county as of the term of the court in Onslow county; that the sale of the land was fair, and the price paid for it was reasonable and just; that the whole of the purchase money had been paid to the commissioner who sold the land; that when the commissioner notified the assignee of the purchaser of the land, that the note of the testator (Shackelford) was not satisfactory to the executrix, he paid the whole of the purchase money in cash, and the same was in the hands of the commissioner subject to the order of the court.

These findings are conclusive. We see no reason to disturb them. They preclude every semblance of ground for setting aside the decrees for fraud or surprise. Although in strictness, the commissioner ought to have received the whole of the purchase money before executing the deed, as the decree directed him to do, still as he at last received the money and holds it subject to the further order of the court,

this must be treated as a substantial and sufficient compliance with the terms of the decree. He acted in good faith, and the appellant has suffered no detriment by his action. She will share in the fund just as she would have done, if the whole sum of money had been paid before the deed was executed. It seems that the commissioner believed that the note of the testator would serve the same purpose as cash in hand. In this, however, he was mistaken. But he corrected his mistake promptly, and this is sufficient. The court will not disapprove of, and set aside the acts of its officers when they honestly and in good faith make slight mistakes, that do not affect the substantial rights of parties interested.

3. There does not appear to be the slightest foundation for the motion for dower, even if it were germane, to this action. The plaintiff has not dissented from her late husband's will; on the contrary, she qualified as executrix thereof and took under it as sole devisee and legatee. She is not entitled to have dower assigned to her. She took under the will such real estate as passed by it, and so much of it as does not exceed the quantity to which she would be entitled by her right of dower under the statute, cannot be reached by creditors of the testator. THE CODE, § 2105.

We are unable to discover any equity in her favor arising under the circumstances of this case, to have the first mortgage upon the land mentioned discharged out of the personal estate of the testator, to the end, she may have dower in the land embraced by the mortgage. There was no obligation, equitable or otherwise, resting on the testator in his life-time, or upon his executrix after his death, to pay the first mortgage debt. Indeed, the executrix could not do so in her own interest as sole devisee and legatee, to the prejudice of creditors. The latter are entitled to have their debts paid first out of the personal estate, and these paid, she would take all the property left, both real and personal.

The husband was not bound in his life-time, nor is the executor of his will bound in any way to provide land out of which his widow might have dower. Besides, it appears that the estate is insolvent.

The testator had in his life-time purchased the equity of redemption in the land mortgaged to pay the first and second mortgage debts, but it has turned out that the land did not sell for a sufficient sum of money to pay the whole of the mortgage debts, and therefore the equity of redemption owned by the testator was of no value, and of course the widow could get no dower, nor money in lieu of dower in it. The mortgage debt could not, in any equitable view of it, as seems to be supposed, be treated as reality. It was of and simply belonged to the personal estate of the testator. It was like and on the same footing as any other debt due the estate, except that it was secured by the mortgage.

Besides, if in any possible view the plaintiff could be entitled to any equitable relief in respect to her claim of dower, her motion comes too late. Her late husband, in his life-time, joined in this action to sell the mortgaged land, and out of the proceeds of such sale pay the mortgage debts, and after his death she, as the executrix of his will, and sole devisee and legatee under it, became a party to the action, and joined in the prayer for the sale, and is concluded by the record. The court properly denied the motion in respect to dower.

4. We concur in the opinion of the court below, that any claim the plaintiff may have upon L. W. Humphrey as her agent in the purchase of the land, and like claim she may have upon the assignees of his bid for it, cannot be properly litigated in this action. It is a cause of action, if it exists, apart, entirely distinct from, and foreign to the present one, or any purpose contemplated by it.

No error.                                        Affirmed.