COATES BROS. v. JOHN WILKES.

*Appeal—Jurisdiction of the Superior Courts—Assignment of Error—Injunction in Supplementary Proceedings—Statute of Limitations.*

1. An appeal is the act of the party and not of the Court, and it rests on the appellant to show that it was perfected. So where an order was made in Term, appointing a receiver, from which order the record showed that the defendant appealed, but it did not appear that the appeal was perfected, the Court has the power, certainly by consent, after notice, to alter such order at Chambers.

2. An appeal does not take the case beyond the control of the Superior Court, until it is perfected.

3. *It seems*, that the Superior Courts have power to make an amendment to an interlocutory order in an ancillary proceeding out of Term.

COATES *v.* WILKES.

4. If the appellant does not except to the making of such order at the time, he will be taken to have assented to it.

5. By consent, the Court can grant judgment in civil actions in vacation.

6. A party to the record cannot assign as error that an order made in the cause affects injuriously the rights of third persons who are not parties.

7. Where, in proceeding supplementary to execution, it is alleged that a third person has property of the judgment debtor's, it is error to restrain such third person from disposing of such property until the receiver can bring an action for its recovery, unless such person has been made a party, in some way, to the proceeding.

8. Proceedingy supplementary to execution are in effect an equitable execution. So where after such proceedings had been instituted, the judgment became barred by the lapse of time ; *It was held,* that this did not operate to bar the proceedings.

( *Wilson* v. *Seagle,* 84 N. C., 110 ; *Shackelford* v. *Miller,* 91 N. C., 181 ; *Coates* v. *Wilkes,* 92 N. C., 376 ; *Spicer* v. *Gambill,* 93 N. C., 378, cited and approved).

This was an appeal from an interlocutory order made in a proceeding supplemental to execution, by *Montgomery, Judge,* at Chambers in CONCORD, on October 17th, 1885.

A former appeal in this case was heard and determined at the February Term, 1885, of this Court. *Coates* v. *Wilkes,* 92 N. C., 376.

Afterwards, at the August Term, 1885, of the Superior Court, proceedings were had, and the following is a copy of the material parts thereof:

"This cause coming on for further orders, before his Honor W. J. Montgomery, Judge, at a Superior Court held in Salisbury, for said county, on the 24th of August, 1885, it is now adjudged and decreed by the Court (the plaintiff and defendant being both represented by counsel), that the plaintiffs' motion for the appointment of a receiver herein be allowed, and that E. K. P. Osborne, Esq., be appointed such receiver, and his bond be fixed at ten thousand dollars, to be approved by the Clerk of this Court. It is further adjudged and decreed, that plaintiffs' motion for the production of the books in which are and were kept the accounts of Jane Wilkes, wife of defendant, be allowed and defendant is ordered to produce the same when called for.

"Appeal prayed by defendant; notice waived; undertaking fixed at fifty dollars."

The following notice was filed in the office of the Clerk of the Court, on the 30th day of September, 1885:

"CAPT. JOHN WILKES:—You are hereby notified, that on Saturday, the 17th day of October, 1885, we shall move, before his Honor W. J. Montgomery, Judge, at his Chambers in Concord, North Carolina, for amendment and modification of the decree made at August Term, 1885, of Rowan Superior Court, appointing receiver, &c., in the supplemental proceedings now pending in the Superior Court of Rowan county, wherein we are plaintiffs and you are defendant."

Service of this notice was accepted September 30th, 1885.

The following amended judgment was rendered by his Honor, at Chambers:

" The above entitled cause coming on for further hearing and orders, pursuant to the opinion and judgment of the Supreme Court upon the appeal heretofore taken, it is now, on motion of plaintiffs' counsel, the defendant's counsel being present, and resisting the same, ordered and adjudged, that a receiver be appointed of the property of the defendant, John Wilkes, wherever situate, and that E. K. P. Osborne, of Charlotte, North Carolina, be and he is hereby appointed a receiver as aforesaid, and that he give bond in the sum of five thousand dollars, payable to the defendant, conditioned for the faithful performance of his duties as such, it appearing to the Court that there are no other supplemental proceedings instituted against the defendant.

"It is further ordered that the said defendant shall make no transfer or other disposition of his property, other than his property which may be exempt from execution as homestead and personal property exemption, or any interference therewith.

"It further appearing to the Court, from the testimony in the cause, that Jane Wilkes, wife of the defendant, claims the Mecklenburg Iron Works, machinery, tools and implements used in or connected therewith, and also the machinery, engine and fix-

tures at the Capp's Hill gold mine, said iron works and gold mine being situate in Mecklenburg county, and more fully described in the pleadings and exhibits in this cause; and it further appearing that the said Jane Wilkes claims to own several town lots and buildings in the town of Charlotte, as well as the lot and residence in said town now occupied by her and the defendant, it is therefore further ordered that said Jane Wilkes is hereby forbidden to transfer or to make other disposition of any of said described property, till a sufficient opportunity be given the receiver appointed herein, to commence and prosecute an action or actions to recover the same.

"It is further ordered, that said receiver be allowed to bring and prosecute such action or actions in the proper Court or Courts, in the name of the plaintiffs herein, for the recovery of the property of the defendant, real and personal, wherever situate, liable for the payment of plaintiffs' judgment, as he may be advised by his counsel in that behalf.

"It is further ordered, that the defendant shall, whenever required in these proceedings, produce for examination the books of the Mecklenburg Iron Works, kept by or under the direction of John Wilkes or other persons for Jane Wilkes, his wife."

This order was made *nunc pro tunc, in lieu* of the former order.

The following exceptions to this order, were filed in the office of the Clerk of said Court, on the 27th day of October, 1885, by the defendant:

I. That the Judge had no jurisdiction or power to make so much of the said order as forbids Jane Wilkes to transfer or make other disposition of the property described in the order, and which she claims as her own property.

II. That the order is erroneous, in so far as it requires the defendant John Wilkes to produce for examination the books of the Mecklenburg Iron Works, kept by or under the directions of John Wilkes, or other person, for Jane Wilkes.

12

III. That it appears from the record, that the judgment upon which these proceedings are based, is, and was at the time of making the order herein referred to, barred by the statute of limitation, more than ten years having elapsed since the rendition and docketing of the judgment at the time this order was moved for and when it was made.

IV. That it appears in this case, that there is real estate upon which the judgment was a lien at the commencement of the supplementary proceedings.

The defendant appealed.

*Mr. Theo. F. Kluttz,* for the plaintiffs.
*Mr. John Devereux, Jr.,* for the defendant.

MERRIMON, J. (after stating the facts). In this Court, the counsel for the appellant insisted on the argument, that the Judge at Chambers had no authority to amend the order made in Term, appointing a receiver, &c., because, the appeal taken in Term, at once put the order appealed from, and the proceedings incident to it, in this Court, and beyond the jurisdiction of the Court below. He further insisted that in any case, the Court had not power to amend at Chambers an order made in Term.

It does not appear that at the time the amendment of the order made in Term was made at Chambers, the appeal taken in Term was perfected, or that it ever was. No presumption arises that it was. The appeal was not the act of the Court, but that of the appellant, and therefore it rests on the latter to show that it was perfected, if he would take benefit by that fact. No presumption arises that he accomplished what was begun.

It is settled that the order appealed from did not pass out of the jurisdiction and beyond the control of the Court, until the appeal was perfected. *Wilson* v. *Seagle,* 84 N. C., 110.

Nor does it appear that the appellant objected below, that the Judge had no power to amend at Chambers an order made in Term. The presumption therefore is that he did not so object. It is by no means certain that the Judge did not have power to

make the amendment at Chambers, the order being interlocutory, and in an ancillary proceeding, but as the appellant did not object, the presumption is, that he assented to, or acquiesced in, the exercise of the power, and it is certain that if he did, the Court could make the amendatory order. The Court can in ordinary civil actions or proceedings, grant a judgment out of Term as in and of the Term, by consent of parties, although such practice is not generally encouraged. *Shackelford* v. *Miller*, 91 N. C., 181.

If, however, the objections so insisted upon had merits, we would not be at liberty to base a decision upon them, because they were not made in the Court below, and there is no exception in the record that embraces them. Such exceptions must be taken in the Court from which the appeal comes, and duly assigned in the record.

The first exception specified in the record, refers to so much of the order appealed from, as forbids Jane Wilkes to make a "transfer or other disposition of such property or interest," as she may claim or control, alleged to be that of the appellant, until the receiver can have opportunity to commence an action to recover the same, and prosecute it to execution.

Of this the appellant cannot complain. She is a third party. If the property is his, she ought to be restrained from transferring or disposing of it. If the order is void as to her, she cannot be injured—she may disregard it altogether in that case. If on the other hand, it is not void, she might have become a party to the proceeding for the purpose of defending her right in that respect, and if she did not have notice of an order to her prejudice, she yet has her proper remedy. It was said on the argument, that the appellant being her husband, he might interfere in her behalf and appeal for her. A sufficient answer here to that suggestion is, that he did not purport or profess to do so. No appeal, so far as appears, was taken by her; indeed, she was not a party to the proceeding in any way or for any purpose.

But, as the record is before us, with a view to a just interpretation of the statute, we deem it proper to say, that so much of

the order in question as forbids a transfer or other disposition of the property by Jane Wilkes, is in our judgment erroneous, upon the ground that she was not a party to the proceedings, and no order requiring her to appear and answer in respect to the property in question had been made, and she had no notice of such order.

The statute, (The Code, §497), provides, that "If it appears that a person or corporation alleged to have property of the judgment debtor, or indebted to him, claims an interest in the property adverse to him, or denies the debt, such interest or debt shall be recoverable only in an action against such person or corporation by the receiver; but the Court or Judge may, by order, forbid a transfer or other disposition of such property or interest, till a sufficient opportunity be given to the receiver to commence the action, and prosecute the same to judgment and execution, but such order may be modified or dissolved by the Court or Judge having jurisdiction, at any time, on such security as he shall direct."

Very clearly this section cannot be construed as implying that the order forbidding "the transfer or other disposition of such property or interest," may be made without notice to the party to be affected by it. Such an interpretation would produce an effect that would contravene natural justice, as well as fundamental right. In some way, the person to be affected adversely by an order or judgment of the Court, must have notice of the proceeding against him, so that he can appear, and he heard in his own behalf. This section must be taken and construed in connection with §490, which provides that "the Court or Judge, may by an order, require such person or corporation, or any officer or member thereof, to appear at a time and place, and answer concerning" the property or debt alleged to belong to the judgment debtor. It moreover gives to the Court or Judge, authority in its or his discretion, to require the notice of such order to be given in "such manner as may seem to him or it to be proper." Notice must be given, not nec-

essarily by summons, but as the Court or Judge may direct, and when the party is before the Court to answer as required, the order forbidding "a transfer or other disposition of such property or interest," may be made. Thus two sections of the same statute may operate consistently and without working injustice.

So much of the order as requires the appellant to produce for examination the books in his possession and control, is substantially in accordance with what we said heretofore in *Coates* v. *Wilkes*, 92 N. C., 376, and the exception in that respect is therefore groundless.

It has been repeatedly and uniformly held by this and other Courts, that *supplementary proceedings* are largely equitable in their nature, and are in effect an equitable execution, whereby the property of the judgment debtor may be reached, that cannot be reached by the ordinary process of execution. In this case, the supplementary proceedings were begun within ten years next after the judgment was entered. It is process in the nature of an ordinary execution to enforce the judgment, and must have the like effect with such execution. We are therefore of opinion that the statute of limitation did not operate as a bar to the proceedings—*Spicer* v. *Gambill*, 93 N. C., 378—so that the third exception cannot be sustained.

The objection "that there is real estate upon which the judgment was a lien at the commencement of the supplementary proceedings," is without force, because it has heretofore been in effect decided, that a sufficient foundation for such proceedings did exist and appeared, and it has been upheld as sufficiently regular. Besides, if any question could now be raised in that respect, we would be of opinion that there was sufficient ground for it, the same state of facts appearing.

The order appealed from, in so far as it applies to the appellant, must be affirmed, and to that end let this opinion be certified to the Superior Court.

*It is so ordered.*

No error.                                                    Affirmed.