NATIONAL BANK OF GREENSBORO, et al. v. J. E. GIL-
MER, et al.

*Judgment Entered During Vacation and Out of
County—Consent Judgment, Validity of.*

1. A judgment may, by consent, be rendered during vacation.

2. A judgment when signed with the consent of the parties by the
Judge in a county other than that in which the action is
pending is valid.

3. Where a summons in an action was regularly issued and a veri
fied complaint filed for a sum certain, and no answer was
filed, and an agreement was made by the defendants, that if
judgment should be taken against them by any other credi-
tor, or if the debt should not be paid by a time certain, then
judgment should be entered in favor of plaintiff at term or
in vacation for the amount demanded in the complaint, and
no fraud was suggested; *Held,* that a judgment rendered
upon the happening of both the contingencies stated is
valid and cannot be attached by other creditors whose judg-
ments were rendered at, or about the same time, but dock-
eted later.

In AN ACTION, in the nature of a creditor's bill, pending
in FORSYTH Superior Court, wherein the National Bank of
Greensboro and other judgment creditors of the North
State Improvement Company, J. E. Gilmer and other
sureties for said company, were plaintiffs, and the said
Gilmer and others, together with the Congregation of
United Brethren and other judgment creditors of said Gil-
mer and said company were defendants, the defendant,
the Congregation of United Brethren, moved to set aside a
judgment that had been rendered in favor of J. A. Leak,
receiver, &c., against the defendant Gilmer and others,
and for an injunction upon the grounds set out in the
opinion of Associate Justice CLARK. The motion was

heard before *Brown, J.,* at January Special Term, 1896, of Forsyth Superior Court, who held that the judgment sought to be set aside was valid, and the defendant, the Congregation of United Brethren, appealed.

*Mr. A. E. Holton,* for Congregation of United Brethren, &c. (appellant).

*Mr. R. T. Bennett,* for J. A. Leak, Receiver.

CLARK J.:   The summons was regularly issued and served in the case in which the judgment, now attacked, was obtained, and at the November term, 1893, a verified complaint, for a sum certain due by promissory note, was filed.   The defendants therein filed no answer, and the plaintiff might have entered up judgment by default final, but consented to a continuance upon an agreement being executed by the defendants during said term that, if judgment should be taken against them by any other creditor, the plaintiff might at any time, either in vacation or at term, after January, 1894, enter up judgment upon the complaint.   Judgment was taken against the defendants by another creditor, and thereupon this judgment was entered up on February 1, in vacation, and was signed in another county by the judge presiding in the district, said judgment reciting the above facts and the happening of the contingency and appending the aforesaid agreement.   There is no objection raised by the defendants in said judgment, but another judgment creditor, a party to the present proceeding, which is a judgment creditor's bill to subject the land of the judgment debtor, seeks to have the aforesaid judgment set aside as void.   There is no allegation of fraud.

His Honor properly held the said judgment valid and regular and declined to set it aside.   The cases cited as to the requirements of a confession of judgment without action, (*Code,* Sec. 570–572,) and the submission of a contro-

·versy without action, (*Code,* Sec. 567–569,) have no application.    Here, there was an action regularly pending, a verified complaint filed for a sum certain, no answer, and an ·agreement executed at said term that on a contingency named (which is set out in the judgment as having occurred) the deferred judgment can be entered up in vacation.    If so, it would almost necessarily be signed by ·the judge, if at all, while in some other county in the district.    While the Court has never commended the habit of entering up judgments in vacation, it has in numerous cases held such judgments regular and valid.    *Hervey* v. *Edmunds,* 68 N. C., 243 ; *Harrell* v. *Peebles,* 79 N. C., 26 ; *Molyneux* v. *Huey,* 81 N. C., 106 ; *Badger* v. *Daniel,* 82 N. C., 468 ; *Shackelford* v. *Miller,* 91 N. C., 181 ; *Branch* v. *Walker,* 92 N. C., 87 ; *McDowell* v. *McDowell, Ibid.,* 227 ; *Coates* v. *Wilkes,* 94 N. C., 174 ; *Bynum* v. *Powe,* 97 N. C., 374 ; *Anthony* v. *Estes,* 99 N. C., 598 ; *Brooks* v. *Stephens,* 100 N. C., 297 ; *Fertilizer Co.* v. *Taylor,* 112 N. C., 141 ; *Benbow* v. *Moore,* 114 N. C., 263. The signing a judgment by the judge in another county is valid when done by consent.    *Young* v. *Connelly,* 112 N. C., 647, and cases cited.    In some of the above cases the .judge by consent came to his conclusion and rendered judgment in vacation and in another county, or even in another district.    But here he only signed a judgment consented to by the parties.    Nor do the cases cited as to conditional judgments have any bearing here, for this .judgment is absolute and unconditional.    The only condition was in the agreement between the parties as to the ·occasion and time when the judgment should be entered up in vacation, and the judgment recites that the agreement in all respects had been observed.    In refusing to set the judgment aside, there was no error.

                                        Affirmed.