WESTHALL v. HOYLE.

(Filed May 16, 1906).

*Judgments—By Consent—In Vacation—Oral Agreement of Counsel.*

1. Where it was agreed in open court, by counsel of both parties, that this case be continued till next term upon payment of the costs of the term by the defendant in ten days, and that if the costs were not paid within ten days the plaintiff should have judgment for the amount of his claim, and that the judgment might be signed out of term, a judgment signed in thirty days in vacation was valid; it is not a conditional judgment nor was it entered contrary to the course and practice of the court.

2. A judgment entered by consent in vacation is valid, though the agreement in open court by counsel was not reduced to writing, nor entered on the minutes, if it is not denied.

ACTION by W. H. Westhall against J. S. Hoyle and another, heard by *Judge W. R. Allen,* at the December Term, 1905, of the Superior Court of BURKE, upon a motion to set aside a judgment theretofore rendered. From an order setting aside the judgment, the plaintiff appealed.

*Self & Whitener* for the plaintiff.
*Witherspoon & Witherspoon* for the defendant.

CLARK, C. J. It was agreed in open court, by counsel of both parties, that this case be continued till next term upon payment of the costs of the term by the defendants in ten days, and that if the costs were not paid within ten days the plaintiff should have judgment for the amount of his claim, and that the judgment might be signed out of term. This agreement was not reduced to writing nor entered on the minutes, but it is not denied. That judgment can be entered by consent in vacation is well settled, *Bank v. Gilmer,* 118 N. C.,

670, and a long list of cases there cited, and many cases since.

This is not a conditional judgment, but it is absolute in its terms. That it was to be signed upon a certain condition does not invalidate it, as the contingency happened. This, too, is discussed and held in *Bank v. Gilmer, supra.* The defendants "cannot object to action which could not have been taken but for their assent and which was based upon it." *Hawkins v. Cedar Works,* 122 N. C., 91—citing *Benbow v. Moore,* 114 N. C., 263; *Bank v. Gilmer,* 118 N. C., 668. In *Benbow v. Moore,* this court sustained a judgment signed by *Judge Connor,* by virtue of such consent, not only in vacation, but out of the district. Here the judgment was signed in thirty days and within the district. *Hahn v. Brinson,* 133 N. C., 7, is merely a repetition of the familiar doctrine that the court will disregard any alleged oral agreement between counsel, if denied, for it will not try an issue of veracity, which could have been avoided easily, either by putting the agreement in writing or by causing it to be entered on the minutes. But this agreement is not denied, and the judgment signed in vacation was valid. *Molyneux v. Huey,* 81 N. C., 112; *Shackleford v. Miller,* 91 N. C., 185; *McDowell v. McDowell,* 92 N. C., 229, in neither of which was the consent in writing nor entered on the minutes.

This judgment was not entered contrary to the course and practice of the court, and it was error to set it aside as an irregular judgment. The consent of counsel is stated in the judgment and is binding upon the defendants in the absence of fraud and collusion. *Hairston v. Garwood,* 123 N. C., 345.

Reversed.