DAVID CLARK, THE EUGENIA MANUFACTURING COMPANY
ET AL. v. SACO-PETTEE MACHINE COMPANY ET AL.*

(Filed 1 April, 1909.)

1. Pleadings—Power of Court—Discretion—Review—Appeal and Error.

When there is no evidence that the discretionary powers of the trial judge have been abused in his refusal to reopen a pending cause and permit answers to be filed, his decision is not reviewable.

2. Jurisdiction—Consent of Parties—Judgment—Validity.

A decree of confirmation of receiver's report of sale of insolvent corporation's property may, by consent, be made out of term and in another county than the one in which the cause is pending.

3. Jurisdiction—Parties—Judgment—Defects—Confirmation.

The legal effect of confirming a decree in term, when the court has jurisdiction over the parties and subject-matter, which was made out of term and in a different county from the one in which the cause is pending, is the same as if the decree had been again written and entered at the term.

4. Same.

When, at a term of court having jurisdiction of the parties and subject-matter, a decree written and spread upon the minutes at a former term, and defective, is referred to and confirmed, it is given validity thereby.

APPEAL from MOORE, from an order confirming report of sale of receiver, entered by *Long, J.,* 9 September, 1908.

This is a proceeding, brought under section 1199 of the Revisal, for the dissolution and settlement of the Eugenia Manufacturing Company, a corporation heretofore doing business in that portion of Moore County, N. C., now within the county of Lee. The creditors of the corporation are named as defendants

*CLARK, C. J., took no part in the determination of this case.

in the proceeding. The action was originally instituted in the Superior Court of Moore County and afterwards removed to the county of Lee. A. W. Graham was duly appointed receiver of the said corporation. On 8 April, 1908, an order of sale and decree of foreclosure of a deed of trust securing the bonded indebtedness of the corporation was made by *Jones, J.,* at chambers, in Richmond County. This decree was filed in the Superior Court of Moore County on 8 April, 1908. The property was not sold, as appears by the report of the receiver to the April Term, 1908, of said court, and another decree was entered, which refers to the first-named decree, as follows: "And said decree is hereby in all other matters affirmed." The only modification made was in appointing another day of sale. It appearing that April Term was a criminal term and, the property not having been sold, another decree was entered at May Term, 1908, of the Superior Court of Moore County, as follows:

"This cause coming on to be heard at May Term, 1908, of the Superior Court of Moore County, before his Honor, *E. B. Jones, Judge* presiding, and it appearing to the court that all creditors and stockholders of the Eugenia Manufacturing Company have been made parties to this action, and that no answer nor demurrer has been filed to the complaint therein, and that an order of sale has heretofore been made of the real and personal property of the said Eugenia Manufacturing Company, which was affirmed at the April Term, 1908, of this court; and it appearing to the court that said April Term, 1908, of this court was for the trial of criminal cases only, with the right to take judgment in civil actions when a jury trial was not required:

"Now, therefore, upon motion of Walter Clark, Jr., and W. A. Devin, attorneys for the plaintiff and the receiver, it is ordered that the order of sale heretofore made in this case be and the same is in all things confirmed, and it is further ordered that this cause be removed to the county of Lee; and it is further ordered that, in the event said receiver shall be of the opinion that it is to the interest of the creditors of the said Eugenia Manufacturing Company that the said sale be postponed to the first Monday in August, he is hereby authorized to postpone said sale.                                                    E. B. JONES,
                                                           *"Judge Presiding."*

On 3 August, 1908, the receiver sold said property of the Eugenia Manufacturing Company at public auction, and on 3 August, 1908, in the office of the Superior Court of Lee County, filed his report of sale. Answers were attempted to be filed on 17 August, 1908, by certain creditors, which were ordered to be stricken from the record as having been filed without leave after time for pleading had expired. This feature of the case was considered by the Supreme Court in an opinion *(ante, 88)*.

At August Term, 1908, of the Superior Court of Lee County, the motion to confirm the sale was made, and resisted by certain creditors, by their attorneys, whereupon his Honor, *Judge Long,* presiding, made an order, by consent, as follows:

"This cause coming on to be heard before his Honor, *B. F. Long, Judge* presiding, upon motion and consent of the parties, it is ordered that all motions in the cause be continued, to be heard by the court at Monroe, N. C., in the Eighth Judicial District, on Thursday, 3 September, 1908."

It appears from the findings of *Judge Long,* recited in his subsequent decree, that on account of high water prevailing in the district, by consent of the parties the cause was again continued, to be heard on Wednesday, 9 September, 1908, in the Superior Court of Richmond County, in pursuance of the above-recited order, made at August Term of the Superior Court of Lee County. The cause was heard at Rockingham, Richmond County, on the date agreed, by consent, all parties being present, at which time *Judge Long* made an elaborate decree, reciting all prior orders and decrees in the cause and confirming the sale of the property, and directing title to be made, and distributing the proceeds of sale and applying the same in accordance with the original decree of sale made by *Judge Jones.* To this decree the defendants (creditors) excepted and appealed.

*Womack & Pace* and *Aycock & Winston* for plaintiffs.
*A. A. F. Seawell* and *K. R. Hoyle* for defendants.

BROWN, J. We think the exception to the ruling of his Honor at August Term, 1908, refusing to open the case and permit answers to be filed traversing certain allegations of the com-

plaint, and praying for affirmative relief, cannot be sustained. It was within the sound discretion of the judge below to open the case at that late day and set aside the sale and allow the answers to be filed, but his discretion was exercised against the defendants and is not reviewable by us, certainly not when there is no evidence that such discretionary power has been abused.

The parties, having slept on their legal rights, forfeited them; and as they failed to convince the judge below that he should exercise his discretion in their behalf, this Court cannot help them.

The matter, we think, was practically disposed of by us at the last term *(ante,* 88), when we held that the answers, having been filed in the papers in the case without authority of the court, and long after time for pleading had expired, were properly ordered to be stricken from the official records.

It is contended by the defendants, in excepting to the decree of confirmation, that his Honor had no jurisdiction to render such decree after the term had expired and outside of the county of Lee. We would have no hesitation in holding with the defendants but for the finding by the judge that all parties consented that the matter should be heard and determined while the judge was in the district, in Union County, and, the parties being unable to reach Union Court, by consent the matter was heard at Richmond Court and the decree of confirmation was then rendered. It is well settled that by consent of parties a judge of the Superior Court may hear such motions and enter judgments out of term and in another county than the one wherein the cause is pending. *Bank v. Peregoy,* 147 N. C., 296; *Bynum v. Powe,* 97 N. C., 374; *Godwin v. Monds,* 101 N. C., 354.

It is further contended that the court should have ordered another sale, as the original decree was rendered by *Jones, J.,* in Richmond County, at chambers, and that such decree was void, *ab initio.* It is possible that the decree of 8 April, rendered outside of the county of Moore, where the cause was then pending, was of such a sweeping character as to constitute something more than a mere direction to a receiver to sell property, and that under *Bank v. Peregoy, supra,* the judge had no jurisdiction to render it at chambers in Richmond County, except

upon a consent hearing. But this decree was ratified and adopted by the court in term time, in April, and again in May, in Moore County, before the cause was removed to Lee County. At the May Term the defendants had been brought in and had been made parties and were before the court, and took no exception to the decree then rendered.

This decree undertakes to ratify and affirm the decree of 8 April, 1908, and also the decree of April Term, not only as to the order of sale contained in the decree, but declares that said decrees "are in all things confirmed." Having full and complete jurisdiction at May Term over all the parties, as well as the subject-matter of the action, *Judge Jones* adopted and again promulgated the decree he had formally made in Richmond County. This the judge had the right to do, and the legal effect is the same as if he had rewritten and again signed and entered the Richmond decree *in iisdem terminis*.

No answers were filed at that time, no issues raised, and there was no reason why the decree should not have then been rendered. In this view of the case it is immaterial to consider whether the Richmond decree, of 8 April, was absolutely void or only voidable. It was in writing and spread on the minutes of the court, and the decree of May Term gave it vitality by reference to it, as much so as if it had been copied in the May decree. *"Id certum est quod certum reddi potest."*

This conclusion, at which we have arrived after a full investigation of the record, we think disposes of every assignment of error.

The judgment of the Superior Court rendered by his Honor, *Judge Long,* is

Affirmed.