DEVIN, J., dissenting.
SCHENCK, J., concurs in dissenting opinion.
SEAWELL. J., dissenting.
Civil action for divorce from bed and board and for custody of children of the marriage, instituted in Superior Court of Wayne County on 2 September, 1939. No pleadings were filed, but a consent judgment was entered. For alleged violation, of terms of this judgment, citation for contempt was issued by Harris, Judge holding courts of the Fourth Judicial District, returnable at courthouse in Lillington, North Carolina, on Tuesday, 5 May, during May Civil Term, 1942, of Superior Court of Harnett County, and, by consent of parties, heard by Johnson, Jr., Special Judge presiding, under commission duly issued in lieu of Harris, the regular judge. This appeal is from judgment on such hearing. *Page 182 
The record discloses these facts:
(1) After summons was issued and the time for filing complaint was extended to 22 September, 1939, a judgment, by consent of plaintiff, J. Ray Edmundson, and his counsel, Paul B. Edmundson and J. Faison Thomson, and of defendant, Lillian C. Edmundson, and her counsel, McLean Stacy, evidenced by their several signatures thereto, was signed on 29 September, 1939, at chambers in Kinston, North Carolina, by Williams, judge resident of the Fourth Judicial District, and ordered to be recorded in the minute book in the office of the clerk of the Superior Court of Wayne County. In this judgment, after finding facts, inter alia, that plaintiff and defendant were married on 19 March, 1928, and lived together as man and wife until 9 June, 1939, during which period of time defendant advanced certain moneys to plaintiff which he used in his business and for which he recognized his obligation to repay, that to the union between plaintiff and defendant two children were born, that plaintiff and defendant, being unable to live together agreeably as husband and wife, have lived separate and apart since 9 June, 1939, and that differences and disagreements existing between them render it reasonably necessary to their health and happiness that they continue to live separate and apart, it is adjudged and decreed, among other things, "(a) that plaintiff and defendant shall live separate and apart from each other," (b) . . . "(c) In lieu of alimony, or other marital rights or obligations, plaintiff shall pay to defendant the sum of One Hundred Dollars ($100) per month until he has paid the total sum of Sixty-nine Hundred Eleven and No/100 Dollars ($6911), no part of which said sum is to bear interest, except any installment due hereunder after its due date shall bear interest thereon. Plaintiff shall also pay to F. Ertel Carlyle, Trustee, the sum of Fifty Dollars ($50.00) per month until the total sum of Twenty-five Hundred Dollars ($2500) has been paid said trustee, no part of which said sum is to bear interest, except any installment due hereunder after its due date shall bear interest thereon; the purpose of said payments to F. Ertel Carlyle, Trustee, being to liquidate the principal of an obligation due by plaintiff and defendant to the Mills Home and secured by a deed of trust upon the home of the defendant in Lumberton, N.C. said payments to be made on the 15th day of September, 1939, and on the 15th of each month thereafter until paid in full. The money payments provided herein shall be more than a simple judgment for debt. They shall be as effectively binding upon plaintiff as if rendered under and by virtue of the authority of section 1667, Consolidated Statutes of North Carolina, and the failure of plaintiff to make the payments, as required by this judgment, shall, upon proper cause shown to the court, subject him to such penalties as may be required by the court, in case of contempt of its orders. *Page 183 
"(d) This finding of fact and judgment rendered herein shall not operate as a bar to the right of either of the parties to this action to institute suit for absolute divorce upon the grounds of two years separation, if either of the parties to this action shall so elect after two years separation of the parties.
"(e) It is further, by consent, considered, ordered and adjudged that the said J. Ray Edmundson shall have the right to convey, without the joinder of his said wife, Lillian C. Edmundson, any realty now owned and possessed by the said J. Ray Edmundson of which the said J. Ray Edmundson may hereafter become seized and possessed of; and the said Lillian C. Edmundson shall have the right to convey any realty which she now owns or which she might hereafter become seized and possessed of, without the joinder and consent of the said J. Ray Edmundson; this consent judgment being a bar to any and all right of dower to which the said Lillian C. Edmundson is or might become entitled to, in any lands owned and possessed by the said J. Ray Edmundson, or in any lands to which he might hereafter own and possess; and this consent judgment shall be and is a bar to any right of curtesy to which the said J. Ray Edmundson is entitled or might hereafter become entitled to in any lands owned and possessed by the said Lillian C. Edmundson."
It is further ordered that, "This judgment shall be recorded in the Minute Book in the office of the Clerk of the Superior Court of Wayne County, North Carolina, but shall not be indexed and cross indexed in said office, nor shall the said judgment be a lien upon any lands owned and possessed by the said J. Ray Edmundson at this time or to which he might hereafter be seized and possessed of."
(2) Thereafter, on 20 March, 1942, plaintiff through his attorneys, J. Faison Thomson and Paul B. Edmundson, gave notice to defendant that motion "to modify the judgment for alimony heretofore entered in this cause," would be made before Grady, E. J., presiding at March Special Term, 1942, of Superior Court of Wayne County, at time and place named, which notice, with copy of the motion, was served upon defendant by the sheriff of Robeson County on 24 March, 1942. In this motion it is stated that plaintiff's income has been reduced from $400 per month, at the time of signing said judgment, to $168.28 per month. No hearing has been had on this motion.
(3) The defendant, answering, by affidavit, the allegations set out in the motion of plaintiff referred to in the last preceding paragraph. admits the allegations that at the time of signing said judgment, the plaintiff had an income from his work of approximately $400, but denies other material allegations, and further moved the court to adjudge plaintiff in contempt of court for his willful failure to comply with terms of said judgment. *Page 184 
(4) Thereafter, on 25 April, 1942, upon said affidavit of defendant, Harris, J., holding the courts of the Fourth Judicial District, cited plaintiff to appear before him "at the courthouse in Lillington, N.C. on Tuesday, May 5th, at 12 o'clock M., to show cause, if any he may have, why he should not be adjudged in contempt of court for violation of the judgment of the court entered by his Honor, Clawson L. Williams, resident judge of the Fourth Judicial District, in the above entitled cause on 29 September, 1939."
(5) Thereafter, as stipulated of record, the parties, through their respective attorneys, agreed to submit the citation for contempt in this cause to Johnson, Jr., Special Judge, who was duly commissioned to hold and preside over the May Civil Term, 1942, of Superior Court of Harnett County, North Carolina, in lieu of Harris, the regular judge holding the courts of the Fourth Judicial District, and that the same might be heard out of term time, out of the county, and out of the district.
(6) Thereafter, Johnson, Jr., Special Judge of the Superior Court, entered judgment in which it is recited that: "This cause came on for hearing before the undersigned special judge presiding at the May, 1942, Civil Term of the Superior Court of Harnett County, upon the return of the citation issued by Honorable W. C. Harris, Judge presiding over the courts of the Fourth Judicial District, commanding plaintiff, J. Ray Edmundson, to show cause, if any he may have, why he should not be adjudged in contempt of court for his alleged willful violation of the terms of the judgment entered in this cause by Honorable Clawson L. Williams, Resident judge of the Fourth Judicial District, on 29 September, 1939"; that "it was agreed by counsel representing plaintiff and defendant that the hearing upon the citation in this cause should be heard upon affidavits and briefs out of term time, out of the county, and out of the district by the undersigned Special Judge of the Superior Court"; and that, after considering the affidavits and briefs filed by and in behalf of the parties respectively, the court finds facts, substantially as hereinbefore stated, and the further specific fact that plaintiff, after making payments in compliance with terms of the said judgment of Williams, J., for twenty-eight months, — the last payment being for the month of December, 1941, — had willfully refused to pay any further amounts as he had therein agreed "unless defendant will accept $1100.00 in cash in full settlement of the money provisions of the judgment." Upon these facts it is adjudged by Johnson, Jr., Special Judge, (1) "that the willful refusal of plaintiff since December, 1941, to make any further payments on the judgment entered by Williams, J., in this cause on 29 September, 1939 (except the said conditional offer of $1100.00), is a direct contempt of this court and its orders, amounting to continuous, willful disobedience of the terms of the judgment of Williams, J., since *Page 185 
January, 1942," and (2) that plaintiff, "J. Ray Edmundson be confined in the common jail of Wayne County, North Carolina, until he has made payments required under said judgment, or until he is otherwise discharged according to law."
To the signing of this judgment, plaintiff, through his attorneys, J. Faison Thomson and Paul B. Edmundson, excepts and appeals to the Supreme Court and assigns same as error.
Appellant, in challenging the correctness and validity of the judgment from which this appeal is taken, directs his attack solely upon the validity and effect of the consent judgment signed at chambers in Kinston in the Sixth Judicial District on 29 September, 1939, by Williams, Judge resident of the Fourth Judicial District.
Four contentions, stated as questions involved on this appeal, and quoted herein, are raised and debated in brief filed in this Court. We are of opinion, however, and hold that, on the present record, the judgment may not be successfully attacked on either ground.
First: "Has the resident judge jurisdiction to sign an order out of the county and out of the district in which the cause is pending at a time when, by the law of rotation, he is holding the courts of another district?" The answer is Yes, by virtue of the provisions of the act of the General Assembly, chapter 69, Public Laws 1939, amending section 1438 of Consolidated Statutes of North Carolina, 1919, which became effective on 2 March, 1939.
In this connection the Constitution of North Carolina vests the General Assembly with power to allot and distribute in such manner as it may deem best, that portion of the power and jurisdiction of the judicial department, "which does not pertain to the Supreme Court among the other courts prescribed in this Constitution, or which may be established by law." Article IV, section 12. Bynum v. Powe, 97 N.C. 374, 2 S.E. 170. The Constitution further provides that "the Superior Courts shall be, at all times, open for the transaction of all business within their jurisdiction, except the trials of issues of fact requiring a jury." Article IV, section 22. Harrell v. Peebles, 79 N.C. 26; Shackelford v.Miller, 91 N.C. 181; Bynum v. Powe, supra. In keeping with these provisions of the Constitution, the General Assembly has provided that, "The Superior Court has original jurisdiction of all civil actions whereof exclusive jurisdiction is not given to some other court." C. S., 1436. And the General Assembly has further provided, as pertains to jurisdiction, C. S., 1438, and as pertains to entering of judgments, C. S., 598, *Page 186 
that "in all actions where the Superior Court in vacation has jurisdiction, and all the parties unite in the proceedings, they may apply for relief to the Superior Court in vacation, or in term time, at their election." Under this authority it is well settled that under the system of rotation prescribed by the Constitution, Article IV, section 11, the judge holding the courts of a judicial district has jurisdiction to act in all matters within the jurisdiction of the Superior Court, and by consent of parties, such judge may, out of term and in or out of the county and out of the district, sign a judgment affecting any matter within such jurisdiction.Hervey v. Edmunds, 68 N.C. 243; Harrell v. Peebles, supra; Shackelford v.Miller, supra; McDowell v. McDowell, 92 N.C. 227; Coates v. Wilkes,94 N.C. 174; Bynum v. Powe, supra; Fertilizer Co. v. Taylor, 112 N.C. 141,17 S.E. 69; Benbow v. Moore, 114 N.C. 263, 19 S.E. 156; Bank v. Gilmer,118 N.C. 668, 24 S.E. 423; Hawkins v. Cedar Works, 122 N.C. 87,30 S.E. 13; Westhall v. Hoyle, 141 N.C. 337, 53 S.E. 863; Clark v. MachineCo., 150 N.C. 372, 64 S.E. 178; Killian v. Chair Co., 202 N.C. 23,161 S.E. 546; and numerous other cases.
And the General Assembly, in the Act of 2 March, 1939, chapter 69, Public Laws 1939, amending C. S., 1438, provided that "The resident judge of the judicial district and the judge regularly presiding over the courts of the district shall have concurrent jurisdiction in all matters and proceedings wherein the Superior Court has jurisdiction out of term." The judgment in question was entered after the statute became effective.
Second: "Can alimony against the husband be awarded when there is no allegation, evidence or finding that he was the party at fault?" In an adversary proceeding the answer would be "No," but where, as here, the parties acted in agreement and the judgment was entered by consent, the answer is "Yes." Holloway v. Durham, 176 N.C. 550, 97 S.E. 486; Keen v.Parker, 217 N.C. 378, 8 S.E.2d 209.
In the Keen case, supra, this Court said: "It is generally held that provisions in judgments and decrees entered by consent of all the parties may be sustained and enforced, though they are outside the issues raised by the pleadings, if the court has general jurisdiction of the matters adjudicated. Annotations, 86 A.L.R., 84. And, in this connection, this quotation from opinion by Hoke, J., in Holloway v. Durham, supra, is appropriate: `The decisions of this State have gone far in approval of the principle that a judgment by consent is but a contract between the parties put upon the record with the sanction and approval of the court and would seem to uphold the position that such a judgment may be entered and given effect as to any matters of which the court has general *Page 187 
jurisdiction, and this with or without regard to the pleadings,' citing cases." See also Hervey v. Edmunds, supra.
Third: "If and when neither plaintiff nor defendant has filed a complaint, answer, or reply, is a judgment by consent more than an agreement between the parties approved by the court?" Yes, "While the terms are settled by the parties, the judgment has the same force and effect as if it had been entered by the court in regular course, and, in that sense, it became the judgment of the court by virtue of its sanction in receiving it and ordering that it be spread upon its records." Gardiner v. May,172 N.C. 192, 89 S.E. 955. It is there also stated that "this is settled law as shown by many of our decisions." See also Board of Education v.Comrs., 192 N.C. 274, 134 S.E. 852.
Fourth: "Can the consent judgment in this case be enforced against plaintiff by attachment for contempt?" Yes, it may be. See Gardiner v. May,supra; Dyer v. Dyer, 212 N.C. 620, 194 S.E. 278.
In the judgment in the instant case plaintiff is ordered to pay to, and for defendant definite amounts of money in monthly installments. And from other provisions it is clear that, though the phrase "in lieu of alimony, or other marital rights or obligations" is used, subsistence for the wife was in contemplation of the parties, a liability which plaintiff recognized, within the meaning of C. S., 1667. The language is not uncertain. It is agreed that: "The money payments provided herein shall be more than a simple judgment for debt. They shall be as effectively binding upon plaintiff as if rendered under and by virtue of the authority of section 1667, Consolidated Statutes of North Carolina, and the failure of plaintiff to make the payments, as required by this judgment, shall, upon proper cause shown to the court, subject him to such penalties as may be required by the court, in case of contempt of its orders."
This agreement, sanctioned by the court, and ordered recorded in the minute book in the office of the clerk of the Superior Court of Wayne County, has the same force and effect as if it had been entered by the court in regular course. Gardiner v. May, supra. In the Dyer case, supra, the husband was held in contempt for willful failure to comply with the provisions of a consent judgment requiring him to pay to his wife a certain monthly allowance for subsistence. And on subsequent appeal in the same case, reported in 213 N.C. 634, 197 S.E. 157, relief was denied to the husband upon finding by the court that his continued refusal to pay alimony was willful.
In the present case the situation of the husband is not altered by the fact that the wife was willing that a part of subsistence provided should be applied to relieve her home from a deed of trust, securing an obligation due by them. A house in which to live may reasonably come *Page 188 
within the meaning of subsistence. The payment of the lien on her home was in part the means to attain the same end.
The judgment below is
Affirmed.