HENRY J. HERVEY & CO. *v.* B. C. and J. S. EDMUNDS, Adm'rs, &c.

Judgments, void or irregular by reason of some informality, will be set aside, only at the instance of a party to the action who is prejudiced by it.

Judgments, void for want of jurisdiction in the Court, if such appears on the record, may be collaterally impeached in any Court in which the question arises. Such judgments may be avoided and stricken from the record by the Court, *ex mero motu*, or at the instance of any person interested in having it done.

A Judge of the Superior Court has a right, with consent of parties, to sign a judgment in vacation out of Court, and to order the same to be entered of record at the ensuing term.

Sections 315 and 325 of the Code of Civil Procedure, are still in force, notwithstanding the Act of 1868-'69, chap. 76, suspending the Code in certain cases.

(*McAdoo* v. *Benbow*, 63 N. C. Rep.; *Winslow* v. *Anderson*, 3 Dev. & Bat. 9, cited and approved).

MOTION to vacate and set aside a judgment obtained in the cause at May Term, 1869, heard and determined by *Cloud, J.*, at the January (Special) Term, 1873, of the Superior Court of HALIFAX county.

The facts are stated in the opinion of the Court.

His Honor allowed the motion and set aside the judgment. From this judgment, the plaintiffs appealed.

*Conigland* and *Moore & Gatling*, for appellants.
*Clark & Mullen*, and *Batchelor, Edwards & Batchelor*, contra.

RODMAN, J. The plaintiffs issued a summons against the two defendants, as administrators of A. T. Edmunds, returnable to May Term, 1869, of Halifax Superior Court, which was executed on one of the administrators only. At that term the plaintiffs filed a complaint, demanding payment of a certain debt alleged to be owing to them from the intestate.

On the records of that Court appears an entry, that defendants appeared and answered, admitted the bonds declared on, and said they had fully administered with the

exception of $350.   The plaintiffs admitted this plea, took a judgment ascertaining the amount of the debt, which considerably exceeded the assets confessed, and a judgment of execution upon the assets confessed, and a judgment *quando* for the residue of the debt.

It was found that this judgment was not in fact given during May Term, 1869, or during any other term of the Court, but that the entry thereof was drawn up in writing by consent of the parties to the action, and signed by the Judge of the District, during vacation, viz: about July 1, 1869.

At a special term of Halifax Superior Court, held before CLOUD, J., in January 1873, Marble and wife claiming to be creditors of the intestate, Edmunds, moved to vacate or strike out from the record said judgment, because of its having been rendered in vacation.   The presiding Judge granted the motion and plaintiffs appealed.

The parties, Marble contend that the judgment was void, because the Judge had no jurisdiction to render such a judgment, except in term time.   They further contend that the record ought to be amended by striking out the entry of judgment, which is false, as it professes to have been rendered in Court, when it was really rendered afterwards.

As to the second point of contention, it may be conceded that the record should be amended so as to state, according to the fact, that the judgment was rendered out of term. But this would still leave open the question as to the validity and effect of the judgment, and would not benefit the movers.   We will consider this amendment made, and proceed to consider the validity of the judgment as amended, that is, the jurisdiction of the Judge in vacation.

1. In the first place :

The plaintiffs object to the allowance of the motion, because the parties making it, not being parties to the original action, have no right to interpose.

Irregular and void judgments may be classed under the following heads:

(1.) Irregular, by reason of some informality.

(2.) Void, for want of jurisdiction in the Court.

(3.) Void, as having been obtained by fraud.

Judgments in the first class, it is conceded, will be set aside only at the instance of a party to the action who is prejudiced by it. The third class of judgments obtained by fraud need not be considered, for no fraud is alleged in this case. The debt upon which the plaintiff's judgment is founded is admitted to be *bona fide*.

The second class alone remains to be considered. A judgment is void if given by one who has no colorable right to act; it may, nevertheless, get in some way on the records of the Court. So a judgment may be void because the subject matter is not within the jurisdiction of the Court; as for example, if a Superior Court Judge should grant original probate of a will.

In these cases if the want of a jurisdiction appears on the record, its validity may be collaterally impeached in any court in which the question arises. And so we conceive, (if it be conceded that the Judge had no power to give the judgment in question in vacation,) this judgment might be likewise collaterally impeached and avoided, the want of jurisdiction appearing on its face, as by the amended record it would.

This being so, there can be no reason why such a judgment may not be *directly* impeached and avoided and stricken from the records, either by the Court *ex mero motu*, or at the instance of any person not interested in having it done. This was decided in *Winslow* v. *Anderson*, 3 Dev. & Bat. 9, and we take it to be reasonable.

So we think the motion of Marble and wife must be heard and decided on its merits.

2. The second question is much more important.

Had the Judge jurisdiction out of term time? Before the C. C. P. he certainly did not. But it is contended for the plaintiffs that he now has under either of sections 315 and 325, C. C. P. It may be admitted that under whichever of these sections the proceeding was taken, it was irregular. If under 315, for want of an affidavit that the controversy was real. If under 325, for want of the oath of the defendant. But this admission, (which is only for the argument,) would not help the plaintiff in the motion. If the proceeding be within the jurisdiction of the Judge, it must stand as to him. We think that it may be supported under section 315, provided that section be still in force. The plaintiff in the motion contends that it was suspended by the Act of 1868–'69, ch. 76, p. 179, to suspend the C. C. P. in certain cases. The case of *McAdoo* v. *Benbow*, 63 N. C. Rep. 461, decides this act to be constitutional, and no member of the Court has any disposition to throw a doubt on that decision. Then, does that act reach the case? Its only material enactments so far as this case is concerned, are, that all summons shall be returnable to a regular term of a Superior Court; that the pleadings shall be made up during term time; and that the issues shall stand for trial at the next succeeding term.

All these provisions refer only to adversary suits.

There is not one of them that may not be, and is not habitually waived by the parties. A defendant may, if he choses, waive the summons altogether, and effectually make himself a party by appearing and pleading. The pleadings may, by consent, be made up out of term and entered of record in term. The issues may be tried by consent, or judgment confessed, at the first time.

The proceedings under section 315 are altogether by consent, and we see nothing in the act of 1868–'69, that applies to them. The policy of the act extended only to adversary actions. It cannot affect the validity or even the regularity

of the proceedings before the Judge, that a summons had been served and a complaint filed. There can be no reason why even after issues joined, the parties may not agree upon a state of facts, and submit it to the Judge for his decision.

We think the two sections of the Code referred to are still in force, and that the Judge had jurisdiction in this case under section, 315. We think, however, that the record ought to be amended so as to set forth truly the date of the judgment. To any greater extent the motion is refused.

Let this opinion be certified.

PER CURIAM.　　　　　　　　Judgment accordingly.