JAMES W. GRANT v. JAMES W. NEWSOM.

*Practice—Controversy without action.*

The Court will not hear a controversy without action submitted under C. C. P., § 315; in the absence of an affidavit that the controversy is real, and the proceeding in good faith to determine the rights of the parties. (*McCarson* v. *Richardson*, 1 Dev. & Bat., 561; *Aycock* v. *Harrison*, 65 N. C., 8; *Hervey* v. *Edmunds*, 68 N. C., 243, cited and approved.)

CONTROVERSY without action under C. C. P., § 315, heard at Spring Term, 1879, of NORTHAMPTON Superior Court, before *Eure, J.*

The plaintiffs are James W. Grant, administrator of Lewis B. Hill, deceased, and Matilda J. Hill, widow; and the defendants are James W. Newsom, sheriff, and W. H. Hughes, executor of W. M. Crocker, deceased. At fall term, 1869, Hughes, as executor aforesaid, obtained judgment against Lewis B. Hill for the sum of $1,025.83, in an action to recover a debt contracted prior to the first of January, 1865, and executions were regularly issued thereon. On the 14th of November, 1878, Hill died intestate, and the plaintiff qualified as his administrator on the 2nd of December following, and on the 30th of December, an execution issued

GRANT *v.* NEWSOM.

on said judgment tested as of fall term, 1878, of said court, (which was held on the 30th of September) and went into the hands of defendant sheriff, returnable to spring term, 1879.

About the 2nd of December, 1878, the plaintiff, as administrator aforesaid, took possession of all the personal property belonging to the estate of his intestate, and advertised its sale on the 30th of the month. In the meantime (Dec. 11th, 1878,) sundry articles of personal property were allotted to the widow of the intestate, (which are itemized in the case agreed) amounting in value to $214.06; and the whole allowance being estimated at $400.00 a return of a deficiency of $185.94 was made. The defendant sheriff, by direction of said Hughes and by virtue of said execution on the 30th of said month, levied upon and sold all the personal property belonging to the estate of Lewis B. Hill, including that portion which had been allotted to the widow aforesaid, and realized the sum of $483.25. There were other debts owing by said intestate than the one due to Hughes.

If the court is of opinion that the seizure and sale by the sheriff were authorized by law, then judgment of nonsuit shall be entered against the plaintiffs; but if not, then judgment shall be entered for the widow for the return of the above mentioned articles and $185.94, or $400.00 and interest from the 30th of December, 1878, in lieu thereof; and also judgment for the administrator for the sum of $83.25, with interest. The court being of opinion with plaintiffs gave judgment accordingly, and the defendant Hughes appealed.

*Mr. T. W. Mason,* for plaintiff.
*Mr. R. B. Peebles,* for defendant.

SMITH, C. J. If the case were properly before us we should

find little difficulty in determining the questions intended to be presented. The cases cited for the appellant, and the provisions of the statutes referred to, leave little room to doubt as to any of them. *McCarson* v. *Richardson*, 1 Dev. & Bat., 561; *Aycock* v. *Harrison*, 65 N. C., 8; Acts 1870–'71, ch. 43, § 7; C. C. P., § 261. But we do not undertake to decide them, for the reason that the cause was not properly instituted in the superior court, and consequently is not properly before us on this appeal. The case agreed between the parties as " containing the facts upon which the contro- · versy depends," is submitted without action under C. C. P., § 315, and as the proceeding is outside the common law, to give jurisdiction the requirements of the statute must be strictly observed.

But this is not the case. There is no accompanying affidavit, and the Code declares that "it must appear by affidavit that the controversy is real, and the proceeding in good faith, to determine the rights of the parties." When this is done, the judge shall thereupon hear and determine the case, and render judgment thereon, as if an action were depending. The affidavit is plainly an indispensable prerequisite to the exercise of jurisdiction in such a case; and so it is declared by this court in *Hervey* v. *Edmunds*, 68 N. C., 243. The appeal must therefore be dismissed.

PER CURIAM. Appeal dismissed.