CITY OF WILMINGTON v. ATKINSON & MANNING.

*Practice—Controversy without Action.*

The court will not hear a controversy without action, under section 315 of the
Code, in the absence of an affidavit that the same is real and in good faith to
determine the rights of the parties. *Grant* v. *Newsom*, 81 N. C., 36, approved.
(Other irregularities, in reference to the manner in which the cause was
conducted as shown by the record, pointed out).

(*Grant* v. *Newsom*, 81 N. C., 36, cited and approved).

PROCEEDING heard at Fall Term, 1882, of NEW HANOVER
Superior Court, before *MacRae, J.*

The proceeding is against the defendants and several others,
doing business as insurance agents in the city of Wilmington.
The city ordinance imposes a license tax for the privilege of car-
rying on such business within its corporate limits. The defen-
dants were duly licensed under the provisions of the insurance
law of the state, and it is the object of this proceeding to ascer-
tain whether they are liable to a city tax. The court below held
in favor of the defendants, and the plaintiff appealed.

*Messrs. DuBrutz Cutler* and *E. S. Martin,* for plaintiff.
*Messrs. Russell & Ricaud,* for defendants.

SMITH, J.   It is impossible, without utterly disregarding the
forms and proprieties of judicial procedure, to entertain an appeal
and pass on the error assigned upon such a record as is before us.

It appears upon a statement of facts, out of which arises the
controversy to be settled, declared, by the justice assuming juris-
diction and rendering judgment, to have been agreed on between
the parties, but supported by no other authentication, that he
proceeded to hear and decide a claim of the plaintiff against five
separate and independent insurance agencies, for taxes against
each, while there is no community of interest whatever among

them, unless it be in the solution of a question of law upon which the liability of each depends.

This proceeding seems to have been intended to be conducted under section 315 of the Code, which has no application to the court of a justice of the peace; and if it does, there is no accompanying affidavit, as required, "that the controversy is real, and the proceeding in good faith, to determine the rights of the parties." The justice's judgment is found in the transcript and no other memorial of what transpired before him, nor that an appeal was taken.

The record next contains another fuller statement of facts agreed, taking no notice of what occurred in the justice's court; and this is authenticated by the signatures of counsel representing both parties, and equally defective in the absence of the required oath. It is laid before the judge of the superior court, not to be acted on while holding the session of the court, and he proceeds to render judgment against the plaintiff for costs of the several defendants.

If the jurisdiction assumed by the judge be *original*, there is a fatal want of jurisdiction, since the aggregate sum claimed from the defendants is but one hundred and forty-eight dollars, and the absence of the affidavit as held in *Hervey* v. *Edmunds*, 68 N. C., 243, and *Grant* v. *Newsom*, 81 N. C., 36.

If the jurisdiction exercised be appellate, it is not so shown in the transcript, nor is the chasm which separates the courts bridged over, so that we can see how the case passed from one to the other. Apparently, the two repugnant adjudications subsist.

In any aspect of the case, nothing remains for us to do but dismiss the action, and it is so ordered.

PER CURIAM.                                    Dismissed.