*SAM'L H. PERRY v. W. T. ADAMS and wife.

*Appeal—Transcript.*

Where both parties appeal, a transcript of the record must be sent up by each appellant, and the appeals must be docketed separately, as distinct cases. This rule cannot be waived by consent of counsel, and unless it is done, the case will not be heard.

(*Devereux* v. *Burgwyn*, 11 Ired., 490; *Morrison* v. *Cornelius*, 63 N. C., 346; cited and approved).

CIVIL ACTION, tried before *Clark, Judge,* at January Term, 1886, of GRANVILLE Superior Court.

Both parties appealed from the judgment in the Court below, but only one transcript of the record, which contained the case stated on appeal of both appellants, was sent to this Court.

*Messrs. John Devereux, Jr., E. C. Smith* and *Jos. B. Batchelor,* for the plaintiff.

*Mr. D. G. Fowle,* for the defendants.

MERRIMON, J. In this case both the plaintiff and defendants appealed to this Court. The appeals are distinct—one is no part of, nor is it dependent upon the other in any respect, and the long settled rule of practice in such cases has been, that each appeal must come to this Court in fact—as it does in contemplation of law—separately, and separate transcripts of the record must be filed in this Court. The records of two such appeals are not wholly the same, nor is so much of the record as is peculiar to one, necessary to, or properly a part of that of the other. *Devereux* v. *Burgwyn,* 11 Ired., 490; *Morrison* v. *Cornelius,* 63 N. C., 346.

---

*JUSTICE DAVIS, having been of counsel, did not sit on the hearing of this case.

The purpose of the rule is, to prevent the confusion that would ordinarily result from blending two appeals—two distinct cases—in one, as to the cause of procedure and practice, and in respect to the allowance and taxing of the costs. The rule has been found necessary and wholesome, and must be upheld in all cases. It concerns the Court as well as litigants, and cannot be waived by consent of counsel.

In such cases, the clerk of the Superior Court must send up each appeal by itself, and hence, two distinct transcripts of so much of the record as applies to each.

In this case there is but one transcript. Whose is it? Is it that of the plaintiff or defendant? We decline to attempt to decide the questions intended to be presented for our decision, until the appeals shall be separated and each assigned its proper place on the docket, and to this end there must be a transcript for each.

Let the case be continued for this purpose. *It is so ordered.*