H. H. BURWELL, JOSEPH BURWELL, and others, trading as Bur-
well Bros. & Co., v. W. H. S. BURGWYN.

*Contract—Usury.*

1. A contract, whereby a banker agreed to pay tickets issued by a to-
bacco warehouseman out of moneys deposited by the latter with
him, and keep an account of their transactions, for a compensa-
tion of ¼ of one *per cent.* for his services, including collection of buy-
ers' drafts; and if warehouseman's funds were not in hand, but
sums so paid by banker should be replaced by 10 A. M. of the fol-
lowing day, the banker was to have ½ of one *per cent.*, and if not so
replaced, he was to have the further sum of 1½ *per cent. per* month,
(or 18 *per cent. per annum*) on the overdrawn sums, is *usurious,*
as to the excess of the charge for overdrafts above the legal rate of
interest allowed for the loan of money.

2. The nature and terms of a contract determine its character and pur-
pose, and if it be usurious in itself, it must be taken to have been
so intended, and the parties cannot be heard to the contrary.

CIVIL ACTION, heard before *Merrimon, J.,* at Spring Term,
1887, of the Superior Court of VANCE.

The action was brought by the plaintiffs, warehousemen of
the town of Henderson, who having become indebted, in sums
advanced to them by the defendant, a broker of that town,
from time to time, for several years, alleged charges of usu-
rious interest, and demanded that the defendant be enjoined
from selling certain real property belonging to the wife of
one of the plaintiffs, which had been mortgaged to the de-
fendant to secure a certain sum, which was alleged to be part
of the money charged by the defendant against plaintiffs
firm, that an account between plaintiffs and defendant be
taken, &c.

The defendant's answer set up a contract between him and
the plaintiffs, under which he had advanced the money ; de-
nied usury, &c.

The action was referred to J. R. Young, the Clerk of the

Court, and he having filed his report, the case was heard upon the exceptions of the plaintiffs.

His Honor overruled the exceptions, and gave judgment according to the report, from which some of the plaintiffs appealed.

The other facts sufficiently appear in the opinion.

*Messrs. W. R. Henry* and *E. C. Smith*, for the plaintiffs.
*Messrs. A. C. Zollicoffer, R. H. Battle* and *S. F. Morde_cai*, for the defendant.

SMITH, C. J. The plaintiffs firm, Burwell Bros. & Co., consisting first of H. H. Burwell, Joseph Burwell and W. B. Boyd, and changed afterwards by the substitution of Walter S. Clark in place of the last named, retaining, however, the partnership name, were, in November, 1882, engaged in the business of warehousing tobacco at Henderson, in this State, and the defendant had then opened a banking house in the name of W. H. S. Burgwyn & Co., and afterwards known as the Bank of Henderson, At the time mentioned, a contract was entered into between the parties, as found by the referee to whom had been referred the matters of account in controversy, whereby the latter was to pay off tickets issued by the former for tobacco, out of moneys deposited with him, and keep an account of their transactions, for which the said Burgwyn was to have one half of one per cent. upon sums so paid out, as compensation for his services, inclusive of the collection of buyers' drafts given upon sales.

This arrangement continued in force until superseded by a modification, that took effect after January following, under which the said Burgwyn was to receive for his services one fourth of one per cent. when the plaintiff had funds on deposit sufficient to meet the demand; and if not, he was to have the former sum of one half of one per cent. advances, provided they were replaced by the hour of ten a. m. of the .

day following. If the moneys were not restored on that day, the plaintiffs were to pay a further sum at the rate of one and one half per cent. per month, the equivalent of eighteen per cent. per annum, on the overdrawn amounts, measured by the time of delay as shown by the daily balances in the account.

Upon this basis the referee states the account reported in monthly rests, and exception is taken to so much of the charges for the additional one and one half per cent. per annum as exceeds the rate of interest allowed by the law, and an abatement of five-ninths on each of these debits, as the usurious excess over the legal rate of interest allowed upon the loan of money.

The referee, while finding the contract to be as before set forth, reports also that the additional sum mentioned, as consequent upon delay in re-imbursing advances, covers interest at eight per cent., and that the 10 per cent. was for expenses and services in the assumed agency, adopted by the parties as the most convenient way of arriving at their value, and was a fair and proper charge therefor.

The principle of the exception runs through the series of monthly statements rendered by the referee, and these extend over several years, and if the charge be erroneous, for the reason given, the correction will be necessarily co-extensive with the account, and require a correction of all the items into which the obnoxious element enters.

This exception must, we think, be sustained, and for the reasons given, and this notwithstanding the referee's conclusion, that the additional *per centum*, over eight, was intended to be remunerative only for services to be rendered, for such an inference is unwarranted by the terms of the agreement.

The compensation is provided independently, and is fixed first at one half of one per cent., and afterwards, at the reduced rate of one fourth of one per cent., when there are funds of the plaintiffs in hand to meet the demands upon

it—increased to the original sum if there are not, but the deficiency is made good early on the next day, and these are the fixed rates to be allowed for clerical labor, collecting drafts deposited and every other form of service to' be rendered. Thus far, the amount is compensatory merely, and covers the demand for what the defendant may do pursuant to their contract. The additional sums to be charged, in case the sums advanced are not re-imbursed within the specified time, is for the use of the moneys of the defendant, which is, in a legal sense, the interest agreed on for the advanced sums thence up to the time of replacement. Interest is the sum that accrues on money loaned, or the value of the use of it for any given time, and is fixed at six per cent. per annum, in the absence of any agreement as to the rate, and a conventional rate is allowed up to eight per cent. per annum on the principal sum. *The Code*, §§ 3835, 3836. Usury consists in taking a larger rate, and an agreement to take such larger rate is a usurious agreement, the effect of which is forfeiture, when insisted on, of all interest.

Most .clearly, the contract before us is of this kind, for the sum to be paid has no consideration whatever, except the advance of the money and forbearance of the lender, and is measured by a rate of eighteen per cent. per annum upon the amount while it remains unpaid. What else can it be, when an agreed price is set upon the personal services to be given. and this is to be paid solely for indulgence in the moneys paid out for the plaintiff's use, while an outstanding debit against them ?

The nature and terms of the contract determine its character and purpose, and if usurious in itself, it must be so understood to have been intended by the parties, and they cannot be heard to the contrary. As was said in reference to fraud, in *Cheatham* v. *Hawkins*, 80 N. C., 161 (164), "If a person does, and intends to do that, which from its consequences the law pronounces fraudulent, he is held to intend

the fraud inseparable from the act. So the parties to a contract usurious upon its face, understandingly entered into, must be deemed to have intended to provide for the payment of a rate of interest in excess of that allowed by law, and that is itself a usurious contract. The inference drawn by the referee, to sustain the charge, is repugnant to the agreement, as he ascertains and reports it, and does not suffice to vindicate it from the inherent infectious element, which the law declares and adjudges to be present in the transaction, and the adverse ruling in the Court below, in this respect, is erroneous. The entire forfeiture of this compensation is not demanded, nor would it in equity be allowed; and therefore, from these sums must be stricken out all of the eighteen per cent. above eight per cent., that is, a deduction of five ninths must be made from these various items, and a correspondent rate of interest, so that the plaintiffs will be charged with the remaining four ninths and legal interest thence on each of their debits.

The other exceptions are untenable, and we sustain the action of the Court in overruling them.

To reform the account in acccordance with this opinion, the matter is recommitted to the referee, Young, as most familiar with the case, to make the required corrections.

· Error.                                          Report recommitted.