\*JAMES JONES et al. v. S. S. HOGGARD et al.

### *Appeal—Imperfect Transcript.*

1. When both parties appeal, a transcript of the record must be sent up for each. This rule cannot be waived by consent of counsel. *Perry* v. *Adams*, 96 N. C., 347.

2. The transcript is imperfect if it does not appear therefrom, with reasonable certainty, that the Court was duly held, and that it had obtained jurisdiction of the parties by service or waiver of process. *State* v. *Butts*, 91 N. C., 524; *Daniel* v. *Rogers*, 95 N. C., 134.

This was a CIVIL ACTION, tried at Spring Term, 1890, of BERTIE Superior Court, before *Armfield, J.*

The facts sufficiently appear in the opinion.

No counsel for plaintiffs.
*Messrs. Winston & Williams* (by brief), for defendants.

CLARK, J.: The transcript of the record is defective in several particulars—

1. Though it appears that both plaintiff and defendant appealed, only one transcript is sent up—it does not appear which. Hence, the appeal cannot be determined. *Perry* v. *Adams*, 96 N. C., 347.

2. It does not "appear in the record, with reasonable certainty, that a Court was held by a Judge authorized by law to hold it, and at the time and place prescribed by law." *State* v. *Butts*, 91 N. C., 524. There is in the transcript a copy of a commission to a Judge to hold a term of Bertie Court in lieu of the Judge regularly designated by statute, and a judgment certified to have been signed by him, but nothing to show that, in fact, a term of the Court was held. Clerks, in making up transcripts for this Court, should fol-

---

\*Head-notes by CLARK, J.

low the requirements of law as stated by the present Chief Justice in the case just cited, omitting, in civil cases, of course, the recital as to the grand jury.

3. The transcript of the record does not show any process, nor pleading, nor that the defendants have been brought into Court by any means known to the law. There appears only a statement of facts agreed, signed by counsel, a judgment and leave to both parties to appeal *in forma pauperis* upon certificate and affidavit filed, and a copy of the Judge's commission, as just stated. This is not a controversy "submitted without action," under *The Code*, § 567. It lacks the essential requirements of that section. *Wilmington* v. *Atkinson*, 88 N. C., 54; *Jones* v. *Commissioners*, 88 N. C., 56. There is no waiver of process apparent, nor anything to show that the cause was properly constituted. The case is the same as that of *Rowland* v. *Mitchell*, 90 N. C., 649, and *Daniel* v. *Rogers*, 95 N. C., 134.

Since these defects have been called to the attention of the parties, a second transcript has been sent up, which contains a copy of the complaint and the same statement of facts agreed and judgment. There is still neither process, waiver thereof, nor answer, nor, in lieu thereof, an affidavit, under *The Code*, § 567, nor aught to show that the term of the Court was regularly held, nor that the cause was regularly constituted in Court.

We cannot assume jurisdiction upon such a record, and, to the end that a full and perfect transcript may be sent up, the cause is

*Per Curiam.*                                    Remanded.