BANK OF OXFORD v. W. A. BOBBITT et al.

*Covenants—Interest—Usury—Forfeiture—Practice—Appeal.*

1. When there were executed by defendants independent collateral covenants intended to secure the plaintiff for the balance found to be due for advancements made by plaintiff to them, and it appeared that, upon such advancements and before the balance had been ascertained, plaintiff charged them usurious interest, to which no exception was made at the time of the referee's report and the Court's confirmation thereof: *Held,* that the judgment of the Court that the plaintiff recover no interest on balance found to be due was error.

2. Except as to questions of jurisdiction and sufficiency of complaint to constitute a cause of action. this Court will only consider questions presented by the appeal. and this even though the parties should agree that others should be passed upon.

3. If both parties appeal, the appeal of one will not bring up that. of the other.

MERRIMON. C. J.; dissenting.

This is an appeal by the plaintiff from a judgment rendered by *Womack, J.,* in a civil action tried before him at April Term, 1890, of the Superior Court of GRANVILLE County.

The complaint alleges, in substance—

1. That on the 2d of February, 1886, the defendants William Bobbitt and R. B. Hines were copartners in the management and conduct of the Meadows Warehouse, in Oxford, N. C., and for the sale of leaf tobacco.

2. That said Bobbitt & Hines agreed with the plaintiff that if plaintiff would advance money, not to exceed the sum of $5,000, to enable them to carry on their said copartnership, they would secure plaintiff against loss by reason of said advances to them, and, in pursuance of said agreement, said Bobbitt and the defendant D. C. White executed and delivered to the plaintiff, on the said 2d day of February, 1886, their covenant in words and figures as follows, to-wit:

"STATE OF NORTH CAROLINA—Granville County.

"$1,000.                    OXFORD, N. C., Feb. 2d, 1886.

"For value received, we, W. A. Bobbitt and D. C. White, hereby acknowledge ourselves, jointly and severally, bound to the Bank of Oxford in the sum of one thousand dollars, and hereby also bind our heirs, executors, administrators and assigns.

"Witness our hands and seals, this the day and year above written.

"The foregoing obligation is made to secure the Bank of Oxford, in part, for an amount not exceeding $5,000, should it agree to advance to Bobbitt & Hines, copartners in the management of the Meadows Warehouse. The amount due at any time shall be evidenced by the account which the Bank of Oxford agrees to open with the said Bobbitt & Hines, and is to include and to secure all amounts drawn by them for any purpose whatsoever.

"All advances under this agreement may be discounted by the Bank of Oxford upon three days' notice, and the account shall stand for settlement in fifteen days thereafter, when the balance shall be considered due and payable. If not paid, interest thereafter shall be at eight per cent. per annum.

"This agreement terminates on the 31st of October, 1886, and the obligors hereto shall be held bound for whatever balance may then appear to be due the said Bank of Oxford, with interest thereafter at the rate of eight per cent. per annum, not to exceed the sum of $1,000.

(Signed) "W. A. BOBBITT, [Seal.]

"D. C. WHITE." [Seal.]

3. That afterwards, on the 12th day of February, 1886, said W. A. Bobbitt and the defendants M. E. Bobbitt and T. C. Rogers, in pursuance of said agreement with the plaintiff, executed and delivered to plaintiff a like covenant, with like stipulations and conditions, for $1,500.

4. That on the 2d of February, 1886, the said R. B. Hines and the defendant L. C. Taylor, in pursuance of said agreement with the plaintiff, executed and delivered to plaintiff a like covenant, with like stipulations and conditions, for $2,500.

5. That on the 1st day of November, 1886, there was a balance due plaintiff from said Bobbitt & Hines, on account of their said agreement, of $5,345.08 which was secured by

said covenants, which indebtedness has been reduced by sundry credits, leaving a balance due, September 1st, 1887, of $4,061.77.

6. That the plaintiff is a corporation duly created, etc., and hath right to maintain this action.

The plaintiff demands judgment against the defendants Bobbitt & Hines for the sum of $4,061.77, with interest at eight per cent. from September 1st, 1887, till paid, and against the other defendants, D. C. White, M. E. Bobbitt, T. C. Rogers and L. C. Taylor, respectively, for the sums due according to their respective covenants, and for such other relief, etc.

The defendant W. A. Bobbitt and the sureties on the covenants executed by him, file a separate answer, admitting allegations 1, 2, 3, 4 and 6, except that they say that the defendant D. C. White executed the bond mentioned in the second allegation as surety for W. A. Bobbitt alone, and that the defendants, M. E. Bobbitt and T. C. Rogers executed the bond mentioned in the third allegation as sureties for said W. A. Bobbitt alone, and these facts were known to the plaintiff at the time of the execution of the same.

They admit that plaintiff made advances to Bobbitt & Hines, as alleged in the fifth allegation, but they deny that said Bobbitt & Hines were, or are, indebted to the plaintiff in the amount or in any amount nearly so large as alleged.

And in their answer to the complaint the defendants say—

7. That plaintiff has charged said firm for the sums advanced as interest at a greater rate than eight per cent., to-wit, at the rate of one per cent. per month, and compounded the same monthly at the same rate, contrary to the statute, and that a large part of the indebtedness claimed by plaintiff consists of said illegal interest, which is included in drafts of the firm held by plaintiff, and that plaintiff, by reason of the statute of usury, which the defendants set up against plaintiff's claim, is not entitled to recover said illegal

interest, or any interest, on the same advanced by plaintiff to said firm.

8. Defendants further say that they admit that said firm justly owes to plaintiff a balance of principal of some amount which the bonds mentioned in the complaint were intended to secure, but much less than the plaintiff alleges, and that a just account of the dealings with plaintiff will make it so appear; that such account is necessary, and ought to be taken, so as to show the true amount of indebtedness of said firm to plaintiff, and these defendants pray that the same may be done.

The defendants Hines & Taylor file a separate answer, in which they say that defendant Taylor was surety only to the bond of R. B. Hines, and this was known to plaintiff, and, so far as is material to the question before this Court, containing the same admissions and relying upon the same defences as set out in the answer of W. A. Bobbitt and his sureties. The respective answers contain controverted matter between the defendants themselves immaterial to this controversy, and need not be stated.

At September Term, 1888, it was, on motion of defendants, referred to a referee to state an account " of all sums advanced by plaintiff to the firm of Bobbitt & Hines in the pleadings mentioned, so as to show the amounts so advanced, and the date at which they were advanced, and also of all sums received by plaintiff from the said defendants, and the dates of the same respectively." In obedience to the order of reference, C. T. Baskerville, the referee, reported a detailed account, from which, among other things, it appeared that plaintiff, in pursuance of an agreement, made advancements from time to time to the firm of Bobbitt & Hines, and that "on the sums of money advanced by the Bank of Oxford to the firm of Bobbitt & Hines, the said bank charged said firm interest on the daily balances at the rate of one per cent. per

108—34

month, and compounded the same from month to month, to the end of the acc unt, 31st of October, 1886. There was no agreement between the bank and said firm as to rate of interest the bank should charge upon advances made, but the covenant heretofore mentioned specially provides that any balance found to be due the bank upon the cessation of dealings on the 31st of October, 1886, should bear interest at the rate of eight per cent. The firm of Bobbitt & Hines, however, knew from statements, including interest, furnished by them to the bank from time to time between the 28th of January, 1886, and the 31st of October, 1886, during the course of these dealings, with what rate of interest the bank was charging them."

It further appears from the report that the sum of $5,031.82 was due from the firm to the plaintiff on the 31st of October, 1886. This sum, as appears, was reduced by subsequent payments, leaving a balance of $4,043.73 due on the 1st of September, 1887. To the report of the referee the defendants filed numerous exceptions, and, the action being heard upon the same, the following judgment was rendered:

"On motion of attorneys for plaintiff, it is adjudged by the Court that exceptions filed by said W. A. Bobbitt and D. C. White and M. E. Bobbitt be and the same are overruled.

"It is further adjudged by the Court, that the exceptions from one to seven, both inclusive, filed by the defendants Hines and Taylor be and the same are hereby overruled.

"And, on motion of attorneys for defendants, and the Court having found as a fact that plaintiff had received usurious interest from defendants, it is adjudged by the Court that plaintiff recover from the defendants no interest on the balance due from the 31st of October, 1886, until the first day of this term.

"And it appearing to the Court that the balance due the plaintiff (over and above all payments, including payments made since 31st October, 1886, over and above advances

made since that date) is $4,043.73, which sum is secured by the several collateral bonds, as stated in the pleadings. Now, on motion of plaintiff's attorneys, it is adjudged by the Court that plaintiff recover of the defendants W. A. Bobbitt and R. B. Hines the said sum of $4,043.73, with interest thereon from 1st day of this term (21st April, 1890) until paid, at eight per cent.

"It is further adjudged that plaintiff recover of defendant L. C. Taylor $2,500, with interest on that sum from said first day of this term until paid, at eight per cent., which sum, when paid, shall be in full of one-half of judgment against principal above said.

"It is further adjudged that plaintiff recover of D. C. White, the sum of $1,000, with interest on that sum, at eight per cent. from first day of this term until paid, which sum, when paid, shall be a payment *pro tanto* on the judgment first above rendered.

"It is further adjudged that plaintiff recover of M E. Bobbitt and T. C. Rogers the sum of $1,500, with interest on that sum from first day of this Court until paid, at eight per cent. interest until paid, the same, which sum when paid, shall be a payment *pro tanto* on the judgment against the principal first above rendered.

"It is further adjudged that plaintiff recover of defendants their costs, to be taxed by the Clerk.

"It is further adjudged that, upon the payment by said W. A. Bobbitt and R. B. Hines, or either of them, or by either of the other parties, of the above judgment rendered against them, such payment shall be in full discharge of the said several judgments herein rendered against said Taylor and White, and M. E. Bobbitt and T. C. Rogers, and any payments made on said judgment against the principals shall be a discharge of part of the judgment against said parties in the proportion of the amounts thereof."

To this judgment both plaintiffs and defendants excepted, but the plaintiff only appealed, and assigned as error the following:

"The Court found, as a fact, that the plaintiff had received from the defendants Bobbitt & Hines, during the year 1886, and before the 31st day of October of that year, usurious interest on the sums advanced by plaintiff to said Bobbitt & Hines, in pursuance of the parol contract between plaintiff and said Bobbitt & Hines, and the Court thereupon adjudged that this receiving of usurious interest by plaintiff of said Bobbitt & Hines was a forfeiture of all interest on this contract between plaintiff and said Bobbitt & Hines, from the 31st of October, 1886, up to the time when the judgment was rendered, and was also a forfeiture of all interest on the bonds, or sealed obligations, executed by said William A. Bobbitt, M. E. Bobbitt and T. C. Rogers for $1,500, and by said William A. Bobbitt and D. C. White for $1,000, and by said R. B. Hines and L. C. Taylor for $2,500, to secure whatever sum might be due to plaintiff by said Bobbitt & Hines on the 31st day of October, 1886, on the contract between plaintiff and said Bobbitt & Hines from said 31st of October, 1886, up to the rendition of the judgment."

The defendants excepted to this decision and ruling of the Court, and for cause of exception show—

1. That the same was erroneous in law.

2. That the same was erroneous as to the said Bobbitt & Hines, because there was no note, or other evidence of debt, carrying interest, on which this alleged usurious interest was taken and received.

3. Because the said usurious interest was paid on a parol unwritten contract, in which there was no agreement to pay interest at any rate, legal or otherwise.

4. Because there was no agreement between plaintiff and said Bobbitt & Hines by which the latter contracted to pay

any interest to plaintiff, or to pay interest at any stated rate, whether legal or otherwise.

5. Because the sureties to said several collateral obligations, to-wit, the said M. E Bobbitt, Rogers, White and Taylor were not parties to the contract between plaintiff and said Bobbitt & Hines, on which the alleged usurious interest was taken.

6. That the covenants of said sureties bound them to pay such balance as might be due plaintiff from said Bobbitt & Hines on the 31st day of October, 1886, and no interest at a rate greater than is allowed by law has been taken, received, reserved or charged on the sealed obligations executed by said sureties to plaintiff, either before or since the said 31st day of October, 1886.

7. That said sureties, by their said several obligations, having bound and obligated themselves to pay to plaintiff such sum as said Bobbitt & Hines might be indebted to plaintiff on said 31st day of October, 1886, and said Bobbitt & Hines having knowingly and voluntarily paid plaintiff interest at a rate greater than is allowed by law, the said usury not being paid on any bond, note or other evidence of debt, nor on any contract by which a greater rate of interest was agreed to be paid than is allowed by law before said 31st day of October, 1886, the said sureties cannot avail themselves of the defence of usury on account of usurious interest paid before the 31st of October, 1886, but are bound by their said obligation to pay to plaintiff the amount due on said 31st day of October, 1886, without reference to such usurious interest, if any such was received in the manner stated above.

Plaintiff appealed.

*Messrs. L. C. Edwards, J. B. Batchelor* and *John Devereux, Jr.,* for plaintiff.

*Mr. A. W. Graham,* for defendants.

DAVIS, J.: We think the Court below misapprehended the purpose of the several covenants upon which this action is brought and failed to interpret them correctly. They were independent covenants collateral to the agreement between the plaintiff, Bank, and the defendants, Bobbitt & Hines, and were intended to secure the former in the payment of any balance that might be ascertained to be due to it for advancements which it might make from time to time to the latter in carrying on their business under an agreement which was to terminate on the 31st of October, 1886, (unless discontinued before that time upon notice as stipulated) with interest thereafter on such balance at the rate of eight per cent. per annum.

The balance found to be due from the firm of Bobbitt & Hines to the plaintiff on the 31st day of October, 1886, as reported by the referee and affirmed by the Court, was $5,031.82, which, as appears from the credits, was subsequently reduced to $4,043.73, September 1st, 1887, and the plaintiff insists that the covenants were to secure this balance, with interest thereon at the rate of eight per cent. per annum till paid, and that they are entitled to judgment accordingly.

The defendants, on the contrary, insist that the plaintiff exacted and received usury from the firm of Bobbitt & Hines, and thereby forfeited the interest on this balance, and, in accordance with this contention, and upon motion of counsel for defendants, the Court adjudged "that the plaintiff recover from the defendants no interest on the balance due from the 31st of October, 1886, until the first of this term (April 21st, 1890)."

In this we think his Honor erred. Whether the balance ($4,043.73) found to be due was a correct balance, or whether it embraced any usurious interest or other item improperly charged, is not a question for our consideration, as that is the balance found to be due by the referee and affirmed by

the Court below, from which there was no appeal by the
defendants; and the sole question presented by the plaintiff's
appeal is: Was the plaintiff entitled to interest at eight per
centum on this balance under the covenants executed by the
defendants to secure the same?

It is too well settled to need citation of authority that,
except as to questions of jurisdiction and the sufficiency of
the complaint to constitute a cause of action, this Court will
only consider questions presented by the appeal of the appel-
lant, and even if it were agreed that exceptions taken and
errors alleged by the appellee should be heard and passed
upon with the appellant's case on appeal, it could not be
done without a departure from the settled practice of the
Court. If both parties appeal, the appeal of one will not
bring up the appeal of the other, and this rule cannot be
waived by consent. *Perry* v. *Adams*, 96 N. C., 347, and cases
cited. In the present case the defendants' exceptions are not
before us.

The covenants stipulate that the obligors shall secure the
Bank of Oxford in the advances made to Bobbitt & Hines,
including "all amounts drawn by them for any purpose
whatever." The fair and reasonable, in fact the only legal,
interpretation that can be placed upon this is, that they shall
secure the payment of all amounts ascertained to be legally
due, and if any usurious advances, or advances upon any
other illegal or improper consideration, were made, not only
the defendants Bobbitt & Hines, but the sureties on the col-
lateral covenants to secure the payment of any balance that
might be ascertained, upon settlement, to be due the plaintiff,
had a right to have any illegal item or items stricken from
the account which would reduce, *pro tanto*, the balance; but
that balance, when ascertained, would, under the agreement,
bear interest from October 31, 1886, at eight per cent.

It is not pretended that the covenant contained any con-
tract or stipulation for the payment of a greater rate of

interest than is allowed by law. On the contrary, it is found
that there was no such stipulation or agreement; but it is
said that the Bank charged Bobbitt & Hines usurious interest
on advancements made to them, and thereby forfeited all
interest on the balance secured by the covenant. We are
not called upon in the present case to say how it would be
if the balance was increased by usurious interest; but even
if it were so, and the referee and the Court below erred in
finding that there was a balance due of $4,043.73, the ques-
tion is not presented in this appeal. If the Court below
failed or refused to strike any usurious or other illegal item
from the account, whereby the balance due would be dimin-
ished, the defendants should have excepted and a; pealed,
but they seem to have been satisfied with the judgment—at
all events, failed to take and perfect an appeal therefrom,
and we can only consider the error assigned by the appellant.

The defendants rely upon the case of *Burwell* v. *Burgwyn*,
100 N. C., 389. In that case there was an usurious con-
tract, as alleged and found, and the question was presented
by the appeal. In the present case, we fail to see, in the
covenants, any contract for the payment of usury; in fact,
it is found there was none; they only stipulate for the pay-
ment of the balance ascertained to be due, with interest
thereon at eight per cent. till paid.

The Judge below had the power to review the findings of
fact, as well as the conclusions of law, of the referee and to
overrule, change, alter or modify them as he might think
just and proper; but the findings of fact, if upon sufficient
and competent evidence, are conclusive upon this Court,
which has no control over the facts, and can only review the
question of law presented by the appeal.

The balance found to be due from Bobbitt & Hines to the
plaintiff, after deducting payment made since October 31st,
1886, was $4,043.73, and this sum is accepted, without appeal,
as the correct balance, and by the clear, explicit and unmis-

takable language of the covenants, bears interest at the rate of eight per centum per annum till paid; and, without passing upon the plaintiff's exceptions *seriatim*, or considering in detail the points presented by the learned counsel by whom they were forcibly and ably pressed upon our attention, we think the Court below erred in construing the covenants, and denying to the plaintiff interest at eight per cent. on the balance ascertained to be due, as stipulated therein.

This interest should be on $4,043.73 from September 1st, 1887, the balance having been reduced by credits subsequent to October 31st, 1886, to that amount on said day, and the judgment below will be m.de to conform to this opinion.

MERRIMON, C. J.—dissenting: The Court overruled all the exceptions of the defendants to the report of the referee. It, in effect, approved and adopted the latter's finding of fact, particularly and affirmatively, that the plaintiff had exacted usury from Bobbitt & Hines. There was no objection to the findings of fact. Then, upon the pleadings and the report, including the findings of fact, it gave judgment for the plaintiff for the balance ascertained to be due to it from Bobbitt & Hines on the 31st day of October, 1886, less credits, but allowed no interest upon such balance, upon the ground that the plaintiff took usury from them from time to time on account of moneys advanced to them, and thereby forfeited its right to have interest on such balance agreed to be paid by the defendants. The plaintiff insists that the Court erred in refusing to allow such interest.

The facts were ascertained, and the Court seeing and considering the whole record should have given such judgment thereupon as the plaintiff was entitled to have, and it was erroneous to give any other. Then, did the Court give the proper judgment? I think not; that it misapprehended the purpose of the several covenants sued upon, and failed to interpret them correctly. They were not part or of the con-

tract between the plaintiff and Bobbitt & Hines, whereby the former agreed to advance money from time to time during the period specified to the latter; they were separate and collateral to that contract, and the simple purpose of them was to render the defendants responsible to the plaintiff for any balance of such advancements that might be due to it by virtue of the contract upon its termination, not exceeding the aggregate sums of money specified in the covenants, such balance to bear interest until paid at the rate of eight per centum per annum. The covenants so expressly declare and provide. The plaintiff did not "advance" or lend to the defendants any money during the time specified by virtue of such covenants, or any stipulation contained in them, nor was it intended it should, nor did it, exact from them on such account any usury. The usury was exacted from Bobbitt & Hines, partners, on account of moneys advanced to them from time to time during the period specified under their contract as partners, with the plaintiff. Nor did the latter exact usury from them as to the present cause of action, but as to the contract between it and them as partners.

The liability of the defendants, the extent thereof, and particularly the measure thereof, must be determined by a just interpretation of the several covenants sued upon. They each contain this explanatory obligatory provision: "The foregoing obligation is made to secure the Bank of Oxford, in part, for an amount not exceeding five thousand dollars, should it agree to advance to Bobbitt & Hines, copartners in the management of the Meadows Warehouse. The amount due at any time shall be evidenced by the account which the Bank of Oxford agrees to open with the said Bobbitt & Hines, and is to include and to secure all amounts drawn by them for any purpose whatsoever. * * * *

" This agreement terminates on the 31st of October, 1886, and the obligors hereto shall be held bound for whatever

balance may then appear to be due the said Bank of Oxford, with interest thereafter at the rate of eight per cent. per annum, not to exceed the sum of one thousand dollars."

Now, this plainly implies that it was contemplated by the parties that the plaintiff would from time to time, within the period designated, advance to Bobbitt & Hines, partners, money not exceeding five thousand dollars, and if it should do so, then the defendants respectively would each be obliged to pay the plaintiff any balance of such advancements Bobbitt & Hines might owe it at the termination of that contract with it in that respect, not exceeding the sum each of the defendants covenanted to pay with interest at the rate stated. It was stipulated that the amount so due the plaintiff should be evidenced by the account it should open with Bobbitt & Hines, and that such account should "include and secure all amounts drawn by them for any purpose whatever." But the words "amounts drawn by them for any purpose whatever" do not imply for every possible purpose, or for any purpose legal or illegal; they imply, giving them their broadest meaning in favor of the plaintiff, amounts drawn in good faith for any legal purpose whatever; they do not imply amounts drawn for any illegal purpose within the knowledge of the plaintiff, and particularly any illegal purpose to be shared in or for the benefit of the plaintiff. It is not to be presumed or merely inferred that the parties to the covenants, whether covenantors or covenantees, contemplated or intended any such advancements of money or amounts to be drawn for illegal purposes or any illegal transactions, or that the plaintiff would knowingly make such advancements for illegal purposes. They contemplated and intended the utmost good faith on the part of the plaintiff towards the defendants, and the covenants of the latter are to be interpreted in that light. Hence the defendants did not covenant to pay to the plaintiff any usury charged against, exacted from or paid, or agreed to be paid by Bob-

bitt & Hines under their contract with it, to which their covenants sued upon had reference and to which they had relation collaterally ; nor did they covenant to pay a balance of money due from them to the plaintiff augmented by such charges, exactions, or payments of usury, or the same agreed to be paid. There is nothing in the covenants that indicates a purpose to pay a balance thus created in whole or in part.

The defendants covenanted to pay the plaintiff any such balance in its favor for money advanced. It might be contended that this implied money *actually* advanced—paid directly to Bobbitt & Hines; but it must be observed that the account which the plaintiff agreed to open with them was intended to embrace "all amounts drawn by them for any purpose whatever." This fairly implies and embraces any "amount drawn" to pay the plaintiff lawful interest for the advances of money to them. The reasonable and just implication is that the defendants expected that the plaintiff would charge and require to be paid lawful interest upon such advances, and that they obliged themselves to be responsible on that account. The defendants were therefore liable, each, to the plaintiff for a sum of money not exceeding that specified in the covenant executed by them on account of any balance of such advancements made to Bobbitt & Hines, partners, which balance should be ascertained by adding interest upon advancements unpaid until the 31st day of October, 1886, at the rate of six per cent. per annum. The rate of eight per cent. per annum cannot be allowed, because there was no agreement in writing for that rate. The balance ascertained to be due to the plaintiff on the day last mentioned (that was the day after which further advancements could not be made as contemplated by the covenant of defendants) bore interest until paid at the rate of eight per cent. per annum—the covenants so expressly provided. The Court, seeing the whole record and learning from the

report of the referee, approved by it, the amount of the balance due the plaintiff, should have given judgment in its favor for that balance including interest as above indicated.

It will be observed that no question as to usury paid by Bobbitt & Hines, partners, to the plaintiff properly arises in this case. The action is founded upon the covenants specified in the complaint, and, as said above, the liability of the defendants is determined by a proper interpretation of those covenants.

*Per curiam.* Error.