### MILLS v. GUARANTY CO.

(Filed October 18, 1904).

1. APPEALS—*Case on Appeal—Transcript.*

> Where both parties appeal from a judgment, each appeal constitutes a separate case, and a separate transcript must be sent to the supreme court, and where this is not done the case will be remanded.

2. APPEALS—*Case on Appeal—Waiver.*

> Where both parties appeal, counsel cannot waive a rule of the supreme court requiring a separate transcript in each appeal.

3. APPEALS—*Rules of Court—Supreme Court—Arguments of Counsel—Rule 40—Briefs.*

> A case cannot be submitted in supreme court without oral argument unless a printed argument or brief for each party is filed.

ACTION by the Orion Knitting Mills against the United States Fidelity and Guaranty Company, heard by *Judge G. S. Ferguson* at June Term, 1904, of the Superior Court of LENOIR County. From a judgment for the plaintiff both parties appealed.

*N. J. Rouse,* for the plaintiff.
*Loftin & Varser,* for the defendant.

WALKER, J. It is to be regretted that we cannot consider and decide this appeal upon its merits, but we are forbidden to do so by a positive rule of this Court which was adopted as long ago as 1850, in the case of *Devereux v. Burgwin,* 33 N. C., 490, and has been consistently enforced ever since. Both the plaintiff and the defendant appealed, and the appeal of each constituted in this Court a separate and distinct case, and the rule requires that there shall be a transcript in each appeal and that the cases shall be docketed separately. *Morrison v. Cornelius,* 63 N. C., 346; *Perry v. Adams,* 96

N. C., 347; *Jones v. Hoggard,* 107 N. C., 349. An appeal is no less a new and distinct proceeding, instituted by the party who thinks himself aggrieved by the judgment of the Court below, than was a writ of error sued out under the former procedure to correct or reverse the judgment of a court of record of inferior jurisdiction. There has been a decided change in the formalities by which the two proceedings are prosecuted, but no substantial change in their nature.

The requirement of the rule cannot be waived by the consent of counsel. *Perry v. Adams,* and *Jones v. Hoggard, supra; Bank v. Bobbitt,* 108 N. C., 525. Both appeals are entered in the record, and there is a transcript which may be sufficient to present the questions intended to be raised in each appeal, but how can we choose, as between the parties, to which of the two we will give the "benefit of the transcript." It is evident that we cannot do so. It is best, therefore, to enforce the rule. "In this case," says *Merrimon, J.,* for the Court, in *Perry v. Adams,* 96 N. C., at p. 48: "There is but one transcript. Whose is it? Is it that of the plaintiff, or defendant? We decline to attempt to decide the questions intended to be presented for our decision, until the appeals shall be separated and each assigned its proper place on the docket, and to this end there must be a transcript for each."

There is another objection to the present consideration of these cases. They were submitted by consent of counsel without oral argument under Rule 10, and that rule requires that before the case will be argued a printed argument or brief of counsel for each of the parties must be filed with the Clerk for the use of the Court Only one printed brief has been filed in these appeals, and that one was filed by the plaintiff's counsel for their client in his appeal. The defendants have filed no brief in that appeal, nor have any of the counsel filed briefs in the defendant's ap-

MILLS *v.* GUARANTY CO.

peal  The two appeals involve different questions, and each must therefore be decided upon principles not controlling in the other.

It follows from what we have said that the appeals are not properly before us.  We will not dismiss them, as we are not disposed in any case or under any circumstances to enforce the rules too rigidly when the same end can be attained by less drastic procedure, but we wish to call the attention of the members of the bar to this important rule, to the end that their cases may be heard and decided speedily and at the same time intelligently.

This appeal will remain open on the docket for the present, so that counsel may have a proper transcript sent up and also may have reasonable opportunity for conforming the submission of the case to the requirement of the rule. The case, though, will be remanded for a transcript, which may be sent to this Court in time for the case to be disposed of at this term, if counsel so desire.  If not so sent, the case will be continued.  It is so ordered.

Remanded.

### DEFENDANT'S APPEAL IN SAME CASE.

WALKER, J. This case is, of course, in the same condition as the plaintiff's appeal and must be governed by what is said in the opinion filed in that case.  The appeal will remain open on the docket a reasonable time so that a proper transcript may be sent up and briefs filed as required by Rule 10.  The case, though, will be remanded for a transcript, which may be sent to this Court in time for the case to be disposed of at this term, if counsel so desire.  If not so sent, the case will be continued.  It is so ordered.

Remanded.