W. H. T. CAUDLE ET AL. v. MOLLIE MORRIS ET AL.

(Filed 20 March, 1912.)

1. Appeal and Error—Failure of Judge to Settle Case—Certiorari.

When without laches on the part of appellant the judge has failed to settle his case on appeal, a *certiorari* will issue on his motion.

2. Appeal and Error—Appeal by Both Parties—Record as to Each—Laches.

When both parties to the action appeal, a transcript of the record must be sent up by each, and one party may not avail himself of the diligence of the other in having his record sent up, by docketing the record of that other party as his own.

3. Appeal and Error—Motion to Reinstate—Laches.

When an appeal has been dismissed under Rule 17 in the Supreme Court, the appellant, applying for a reinstatement upon the ground that the trial judge has failed to settle the case, must show that he has had his record proper docketed in this Court, as required by the rules, or his motion will be denied.

APPEAL from *Peebles, J.,* at October Term, 1911, from WAKE.

*R. C. Strong for plaintiffs.*
*Douglass, Lyon & Douglass and R. N. Simms for defendants.*

PER CURIAM. Both parties appealed.

*In the plaintiffs' appeal* the appellant docketed the record proper in apt time and asked for a *certiorari* that the case on appeal may be settled and sent up. It appearing that the judge had failed to settle the case without any laches on the part of the appellant, the *certiorari* will issue.

*In the defendants' appeal* the plaintiffs docketed in apt time the certificate required under Rule 17 and moved to dismiss defendants' appeal. The motion was granted. The defendants

thereupon moved to reinstate. It appears that the defendants had not docketed the record proper, but they ask for a *certiorari* and seek to excuse their failure to comply with the rule by the fact that the plaintiffs had docketed their record proper, but they cannot excuse their own negligence by relying upon the diligence of the plaintiff. In *Jones v. Hoggard,* 107 N. C., 349, it is said: "When both parties appeal, a transcript of the record must be sent up for each. This rule cannot be waived by consent of counsel," citing *Perry v. Adams,* 96 N. C., 347, which cites *Devereux v. Burgwin,* 33 N. C., 490; *Morrison v. Cornelius,* 63 N. C., 346. *Jones v. Hoggard* has been cited and approved in *S. v. Bost,* 125 N. C., 711; *Mills v. Guaranty Co.,* 136 N. C., 256; *Bank v. Bobbitt,* 108 N. C., 535, and in many other cases.

If opposite counsel by consent cannot waive the record when both sides appeal, certainly the Court cannot dispense with it when the opposite counsel are here relying upon the failure of the defendants to file their record. As this Court has often held, an appeal is not a matter of absolute right, but the appellant must comply with the statutes and rules of Court as to the time and manner of taking and perfecting his appeal. Just as the right of action is not an absolute one, but a plaintiff must comply with the regulations of orderly procedure by issuing his summons in the statutory time and having it served and filing his complaint in the time and manner prescribed and observing in other respects the requirements as to procedure.

The rule of procedure is well settled that when the appeal is not docketed at or before the time prescribed in Rule 5 the appellant must docket all of the record proper, or so much thereof as he can obtain, with an affidavit as to why the entire record cannot be docketed, and move at that time for a *certiorari* for the "case on appeal," if without his fault the judge has failed to settle the case, or for such other parts of the record as are lacking. If he fails to do so, the appellee has the right to docket the certificate prescribed by Rule 17 and have the appeal dismissed. *Burwell v. Hughes,* 120 N. C., 277, and cases there cited, and *Pittman v. Kimberly,* 92 N. C., 562, and the numerous cases citing those two cases which are to be found in the

Anno.. Ed. In *Burwell's case, supra,* the Court says: "There are *some* matters at least which should be deemed settled, and this is one of them." Defendants' motion to reinstate is denied. *Walsh v. Burleson,* 154 N. C., 174.

Motion denied.