POPE & BALLANCE v. RIGHTER-PARRY LUMBER COMPANY.

(Filed 7 May, 1913.)

**Appeal and Error—Two Appellants—When Two Records Are Unnecessary—Practice.**

Where there are two appeals by different parties in the same cause and on the same side, presenting exactly the same question, and they are not antagonistic to each other, only one record is required. Though separate records are sent up, it is, however, immaterial except as to unnecessary expense.

APPEAL by F. W. McCurdy, intervenor, from *Ferguson, J.,* at November Term, 1912, of HARNETT.

*Clifford & Townsend for plaintiffs.*
*Sinclair & Dye for F. W. McCurdy, intervenor.*

CLARK, C. J. The appellant, F. W. McCurdy, presents the same point upon another note in the same cause of *Pope v. Lumber Co.,* above decided. The only difference is as to the amount of the note, which is $1,000.

We note that separate records were sent up in these two appeals. This was an unnecessary expense, as the appeals are in the same cause and present exactly the same question. Though, of course, both parties should appeal. If not, the judgment is suspended only as to the one which appeals (*Rollins v. Love,* 97 N. C., 210); yet it was not necessary to send up separate records.

It is true that where both "parties" appeal, a transcript of the record must be sent up by each appellant, and the appeals must be docketed separately as distinct cases. This rule cannot be waived by consent of counsel, and unless there are sepa-

rate records, the case will not be heard. *Morrison v. Cornelius,* 63 N. C., 340; *Perry v. Adams,* 96 N. C., 347; *Jones v. Hoggard,* 107 N. C., 349; *Caudle v. Morris,* 158 N. C., 594. But this applies where both the plaintiff and the defendant appeal, and therefore present different exceptions, or where the parties appealing, though on the same side, present distinct questions or are antagonistic to each other. It does not apply to this case, where the appellants are not antagonistic and present exactly the same question. However, it has worked no harm to send up two records beyond the unnecessary expense.

Upon the ruling in Sherron's appeal in this case we find in McCurdy's appeal also,

No error.